■ In the Matter of STEVEN F. ELLSWORTH, Respondent, v DIANE M. ELLSWORTH, Appellant. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered November 12, 1980, which found respondent guilty of contempt. Petitioner commenced this proceeding, pursuant to section 756 of the Judiciary Law, seeking an order punishing respondent for contempt. Specifically, petitioner alleged that respondent violated an order of Family Court, dated May 4, 1979, which accorded petitioner certain visitation rights with a minor child in respondent's custody. Family Court found respondent in contempt and this appeal ensued. Respondent does not deny her noncompliance with Family Court's order. Rather, she contends that the parties' separa-

tion agreement, which antedated Family Court's order and was incorporated in a judgment of divorce entered on April 18, 1980, is controlling. We agree. Subdivision (b) of section 447 of the Family Court Act provides that: "Any order of the family court under this section shall terminate when the supreme court makes an order of custody or visitation concerning the children, unless the supreme court continues the order of the family court." In the instant case, the Supreme Court judgment of divorce specifically incorporated the parties' separation agreement. Accordingly, the provisions of the separation agreement, which provide for visitation rights less liberal than those accorded petitioner by Family Court, superseded Family Court's order. The instant contempt order must, therefore, be reversed. Order reversed, on the law, and petition dismissed, without costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.