■ MIRIAM HOLTZMAN, Respondent, v ABRAHAM HOLTZMAN, Appellant. [609 NYS2d 430] —Casey, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Meehan, J.), entered April 23, 1992 in Rockland County, which, *inter alia,* granted plaintiff's motion to enforce defendant's obligation to contribute to the college expenses of the parties' child, and (2) from an order of said court, entered September 1, 1992 in Rockland County, which, upon reconsideration, partially granted defendant's motion for monetary credits.

At issue on these appeals are the interpretation and application of the provisions of the parties' separation agreement concerning the college-related expenses of their son, Jordan. The separation agreement was incorporated but not merged in the judgment of divorce. Upon plaintiff's application and supporting papers, Supreme Court directed defendant to pay plaintiff the sum of $1,165 as reimbursement for Jordan's college expenses. Supreme Court thereafter granted defendant's motion for reconsideration and modified its prior order by reducing defendant's reimbursement obligation to the sum of $1,005. Defendant appeals from both orders.

As a procedural matter, we note that the original order was effectively superseded by the subsequent order and, therefore, the appeal from the original order should be dismissed *(see, Council Commerce Corp. v Paschalides,* 92 AD2d 579). We reject defendant's contention that the agreement imposed no obligation upon him to pay a portion of Jordan's education expenses. We also find no merit in defendant's claim that he did not consent to Jordan's choice of college, as required by the disputed provisions. Defendant makes several other claims concerning plaintiff's compliance with the separation agreement, but there is no evidence in the record to support these claims. In the absence of some evidence to demonstrate the existence of factual issues concerning the validity and meaning of the separation agreement and plaintiff's compliance therewith, no evidentiary hearing was required *(see, Leff v Leff,* 144 AD2d 544, 546). We have considered all of defendant's arguments and find them to be meritless. Supreme Court's second order should, therefore, be affirmed.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the appeal from order entered April 23, 1992 is

dismissed. Ordered that the order entered September 1, 1992 is affirmed, with costs.