◼ In the Matter of EDWARD S., Appellant, v KELLY S., Respondent. (Proceeding No. 1.) (And Two Other Related Proceedings.) [795 NYS2d 364]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Delaware County (Becker, J.), entered October 6, 2003, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to hold respondent in violation of a prior visitation order, (2) from an order of said court, entered April 1, 2004, which dismissed petitioner's application, in

proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior visitation order, and (3) from an order of said court, entered June 8, 2004, which, inter alia, dismissed petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, to modify a prior visitation order.

The facts underlying these appeals are set forth in this Court's prior decision (*Matter of Edward S. v Moon*, 7 AD3d 834 [2004]). Briefly, petitioner and respondent Kelly S. (hereinafter respondent) are the parents of Arthur (born in 1990) and Kyle (born in 1991). Petitioner has been incarcerated since his convictions in 1993 of several crimes stemming from his commission of a sexual assault upon respondent. Although petitioner was granted written communication and visitation with the children in a September 1993 order, those provisions were modified in a March 1997 order, which directed a mental health evaluation of the children after the completion of certain visitation. Thereafter, in April 1999, subsequent to a fact-finding hearing, Family Court issued an order discontinuing visitation, and that determination was affirmed by this Court (*id.*). Since that time, it is undisputed that petitioner has had no visitation with the children, including telephonic or written communication.

In August 2003, petitioner commenced a proceeding alleging that respondent had violated the September 1993 and March 1997 visitation orders. Family Court dismissed the application in an October 2003 order. Subsequently, in February 2004, petitioner filed an application seeking modification of the April 1999 order terminating visitation with his children, alleging a change in circumstances and seeking, inter alia, the resumption of visitation. In an April 2004 order, Family Court dismissed the application for, inter alia, failure to state a cause of action. Petitioner filed another application for modification of the April 1999 order, again alleging a change of circumstances. In June 2004, Family Court also dismissed that application based upon the contents of the petition. Petitioner now appeals from the October 2003, April 2004 and June 2004 orders.

Initially, we do not agree with petitioner that Family Court, in its October 2003 order, erred in dismissing his claim requesting that respondent be held in contempt for violating previous court orders entered in 1993 and 1997 pertaining to, inter alia, face-to-face visitation, telephonic and written communication. As noted by Family Court, the 1993 and 1997 visitation orders were superseded by its order entered April 2, 1999 (*see Matter of Baker v Ratoon*, 251 AD2d 921, 922 [1998]; *Holtzman v Holtzman*, 202 AD2d 913, 913 [1994]; *see also Matter of Commissioner of Social Servs. v Anne F.*, 225 AD2d 620, 620 [1996]). Accordingly, the contempt proceeding was properly dismissed.

Turning to petitioner's challenge to the April 2004 and June 2004 orders dismissing his petitions seeking modification of the April 1999 order terminating visitation, we conclude that reversal is appropriate. In our view, the petitions sufficiently alleged a change in circumstances since the April 1999 order and, therefore, should not have been dismissed for failure to state a cause of action. Among other things, petitioner sets forth that, since the April 1999 order, the children have, at various times, been returned to respondent's custody from foster care and have engaged in counseling and behavioral treatment. Petitioner asserts that he has participated in counseling and, through, among other things, various programs for incarcerated parents, received education in the children's mental health needs, petitioner's own behavior and his role as a parent. He additionally indicates that these programs were sufficient to address concerns over his inability to properly communicate with his children that was referenced in the April 1999 order. Reviewing these and other allegations in the petitions, we conclude that petitioner has sufficiently alleged a change of circumstances justifying an inquiry as to what extent, if any, visitation and/or other forms of communication would be in the children's best interests.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order entered October 6, 2003 is affirmed, without costs. Ordered that the orders entered April 1, 2004 and June 8, 2004 are reversed, on the law, without costs, and matters remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.