■ In the Matter of Antonio EE., Appellant, v Schoharie County Department of Social Services, Respondent. (And Two Other Related Proceedings.) [817 NYS2d 405]—

Kane, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered April 29, 2005, which dismissed petitioner's applications, in three proceedings pursuant to Family Ct Act article 10, to hold respondent in violation of a prior order.

After Family Court determined, in a prior proceeding, that petitioner abused and neglected his children, it placed them in respondent's care (*Matter of Kila DD.*, 28 AD3d 805 [2006]). In an order entered in April 2003, the court directed respondent to provide petitioner visitation with two of his children for one hour every other month at Elmira Correctional Facility in Chemung County, where petitioner was incarcerated. The one-hour time period was to start when petitioner entered the room and visitation was "subject to any extreme feelings of the children." In May 2004, the court entered an order extending placement of the children. That order continued the visitation, but addressed it in an abbreviated fashion, stating only that the two children "have bi-monthly visitation with [petitioner] at Elmira Prison," without further guidelines or requirements.

Petitioner filed three contempt petitions alleging that respondent willfully violated the order entered in April 2003 by terminating his June and August 2004 visits before he had exercised an hour of visitation. Following a hearing, Family Court found that respondent did cut those two visits short, but that respondent was justified in doing so based on petitioner's conduct during the visits. Accordingly, the court dismissed the petitions. Petitioner appeals.

We affirm the dismissal of the petitions. The petitions allege violations of an order that was no longer in effect; the April 2003 order was superceded by the May 2004 order. While both orders provide for visitation at the prison, the May 2004 order does not require that the visits last an hour. As respondent's actions in terminating the visits based on petitioner's conduct and providing less than a full hour at each visit did not violate the order then in effect, respondent could not be found in contempt (*see Matter of Edward S. v Kelly S.*, 18 AD3d 976, 977 [2005]; *Matter of Ellsworth v Ellsworth*, 86 AD2d 919, 920 [1982]). Thus, dismissal of the petitions was appropriate.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.