Appeal from an order of the Family Court, Onondaga County (Martha E. Mulroy, J.), entered June 5, 2007 in a proceeding pursuant to Family Court Act article 10. The order, insofar as *1185 appealed from, adjudged that respondent Amy D. neglected her daughters and placed them with their paternal grandparents with supervised visitation to respondent Amy D.
It is hereby ordered that said appeal from the order insofar as it concerned disposition is unanimously dismissed as moot (see Matter of Justice T., 305 AD2d 1076, 1077 [2003], Iv denied 100 NY2d 512 [2003]) and the order is affirmed without costs.
Memorandum: We reject the contention of respondent mother in appeal No. 1 that Family Court’s determination that she neglected her two daughters is not supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Petitioner presented evidence that the apartment in which the mother resided with her daughters was both unsanitary and unsafe (see Matter of Nathifa B., 294 AD2d 432 [2002], lv denied 98 NY2d 616 [2002]; Matter of Noemi B., 273 AD2d 304 [2000]), that the younger daughter suffered from bottle rot, abscesses and infections as the result of poor dental hygiene (see generally Munson v Lippman, 2 AD3d 1252, 1253 [2003]), and that the older daughter was not consistently provided with adequate clothing (see Matter of Rebecca KK., 51 AD3d 1086, 1087 [2008]). Contrary to the contention of the mother, we conclude that petitioner met its burden of establishing that the “physical, mental or emotional condition [of the children] has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the mother] to exercise a minimum degree of care” (Family Ct Act § 1012 [f] [i]).
We reject the further contention of the mother in appeal Nos. 2 and 3 that the court erred in dismissing her violation petitions. The mother failed to meet her burden of establishing that the respondents in those proceedings, the petitioner in appeal No. 1 and the daughters’ paternal grandparents, willfully violated prior orders by interfering with the mother’s visitation rights (see Matter of Antonio EE. v Schoharie County Dept. of Social Servs., 30 AD3d 702, 703 [2006]). Present — Scudder, EJ., Martoche, Lunn, Peradotto and Green, JJ.