Peters, P.J.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter (born in 2006). Pursuant to a March 2010 order entered upon consent, the parties continued to share joint legal custody of the child, with the mother having primary physical custody and the father receiving liberal visitation. In August 2010, again upon stipulation of the parties, an order was entered which mirrored the terms of the March 2010 order with the exception of the addition of a provision regarding the drop-off location for the exchange of the child. The father appealed from this order.
While the appeal from the August 2010 order was pending, the mother commenced a proceeding seeking modification of the visitation schedule set forth in the order, and the father commenced three proceedings seeking enforcement of its terms as well as those contained in a 2009 order. At the parties’ initial appearance, Family Court, sua sponte, dismissed all of the petitions based solely on the father’s then-pending appeal, stating that it was the court’s “position” not to entertain new petitions until an appeal has been determined by this Court because to do so would “usurp the authority of the Appellate Division.” An order of dismissal was entered by the court in May 2011.[1] The father appeals.[2]
As a preliminary matter, the attorney for the child has advised us in his brief that several petitions have been filed while this appeal was pending and that another order has been entered addressing issues of custody and visitation between the parties. However, that order has not been provided to this Court and we are unaware whether it left intact or superseded the provisions of the orders that the father sought to enforce. Accordingly, we cannot conclude that this appeal has been rendered moot (see Matter of Hissam v Hissam, 84 AD3d 1513, 1514 n [2011], lv dismissed and denied 17 NY3d 855 [2011]; see also Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]).
Family Court’s dismissal of the father’s enforcement petitions *863 was error. Family Ct Act § 1114 (a) specifically provides that the filing of a notice of appeal from a Family Court order does not give rise to an automatic stay. As no party moved this Court for a stay of the August 2010 order pending resolution of the appeal, it remained binding on and enforceable by the parties during the prosecution of the father’s appeal (see Family Ct Act § 1114; Matter of John H., 60 AD3d 1168, 1169 [2009]; Matter of John H., 56 AD3d 1024, 1026 [2009]). The fact that the outcome of the appeal may have nullified or otherwise altered portions of the order sought to be enforced or modified is irrelevant. Moreover, if it is shown that subsequent proceedings result in an order that supersedes or replaces provisions of an order sought to be enforced or challenged on appeal, this Court will dismiss the appeal as moot (see e.g. Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]; Matter of Edward S. v Kelly S., 18 AD3d 976, 977 [2005]; Matter of Carnevale-Martin v Stone, 241 AD2d 779, 780 [1997]). In short, Family Court’s practice of declining to entertain Family Ct Act article 6 petitions while an appeal is pending from an order entered pursuant to that article is without legal foundation.
Lahtinen, Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed respondent’s enforcement petitions; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Following Family Court’s dismissal of his enforcement petitions, the father withdrew his appeal from the August 2010 order.

. The mother’s failure to take an appeal from Family Court’s order precludes us from granting her any affirmative relief (see Family Ct Act § 1113; Hecht v City of New York, 60 NY2d 57, 60-61 [1983]).