*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    518867
_____

In the Matter of ADAM MOSIER,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

NICKI COLE,
                    Appellant.

(And Other Related Proceedings.)
_____

Calendar Date:   April 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Claudia A. Russell, Willsboro, for respondent.

        Lisa Lorman, Amsterdam, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Essex County
(Meyer, J.), entered February 26, 2014, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a child born in 2006.
The mother resides with her fiancé – the father's brother – and
her daughter from a prior relationship, and the father resides
with his wife – the mother's distant cousin – and their daughter.
In November 2006, the parties entered into an order upon consent

providing for joint legal custody with primary physical custody to the mother and visitation to the father. That order subsequently was modified three times — each time upon consent — to address, among other things, various visitation issues, ultimately culminating in an order entered in May 2013.

In October 2013, the father commenced a proceeding in Warren County seeking to modify the visitation provisions of the May 2013 order. After that proceeding was transferred to Essex County, where the parties resided, the father commenced additional related proceedings — again alleging violations of the visitation provisions of the subject order — and, eventually, seeking sole custody of the minor child. Following a hearing, Family Court, in a well-reasoned decision, modified the May 2013 order by, among other things, awarding the father sole legal and physical custody of the child and granting certain specified periods of visitation to the mother. The mother now appeals from Family Court's resulting February 2014 order.[1]

The father has advised this Court that, during the pendency of this appeal, Family Court issued a subsequent order — entered in November 2014 — that immediately suspended and denied any and all "parenting time, contact and communication by and between" the mother and the child pending further order of the court.[2] In so doing, Family Court expressly provided that its November 2014 order superseded all prior custody orders to the extent that such orders were in conflict therewith. Under these circumstances, the mother's appeal from Family Court's February 2014 order is

---

[1] Although various inconsistencies exist between the mother's notice of appeal and the CPLR 5531 statement, we will exercise our discretion and treat the notice of appeal as valid (see CPLR 5520 [c]; cf. Matter of Neroni v Granis, 121 AD3d 1312, 1313 n 1 [2014], appeal dismissed 25 NY3d 957 [2015]).

[2] The father has provided this Court with a copy of Family Court's subsequent order (compare Matter of Whiting v Ward, 97 AD3d 861, 862 [2012]), and we may take judicial notice thereof (see Matter of Hannah U. [Patti U.], 110 AD3d 1258, 1260 n 5 [2013]).

moot and must be dismissed (see Matter of Giovanni K., 62 AD3d 1242, 1242 [2009], lv denied 12 NY3d 715 [2009]; cf. Matter of Mace v Miller, 93 AD3d 1086, 1086 [2012]; Matter of Kimberly M. [Nancy L.], 67 AD3d 562, 562 [2009]; see generally Matter of Whiting v Ward, 97 AD3d 861, 863 [2012]).

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court