*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    516691
_____

In the Matter of ERICH BLAGG,
                          Appellant,

     v

MARY DOWNEY,                                    MEMORANDUM AND ORDER
                    Respondent.

ATTORNEY FOR THE CHILD,
                          Appellant.

(And Nine Other Related Proceedings.)
_____

Calendar Date:   September 18, 2015

Before:   Garry, J.P., Rose, Lynch and Devine, JJ.

                         _____


          David H. Swyer, Albany, for Erich Blagg, appellant.

          Mitch Kessler, Cohoes, attorney for the child, appellant.

          Michelle I. Rosien, Philmont, for respondent.


                         _____


Rose, J.

          Appeals from an order, a modified order and an amended
order of the Supreme Court (Clark, J.), entered March 22, 2013
and March 28, 2013 in Schenectady County, which, among other
things, granted respondent's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody and visitation.

          Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a daughter

(born in 2002). In September 2010, the parties consented to a custody order granting them joint legal custody of the child, with primary physical custody to the mother and a liberal schedule of visitation to the father. In July 2011, the father filed a modification petition seeking sole custody of the child and initiating a volley of nine additional petitions and cross petitions by both parties seeking enforcement and/or modification of the September 2010 order. Following a fact-finding hearing on all 10 petitions, together with a Lincoln hearing, Supreme Court issued a decision and order in March 2013, later modified and amended that same month, modifying the September 2010 order by awarding the mother sole custody of the child and granting expanded visitation to the father. Both the attorney for the child and the father now appeal.

Initially, the mother contends that the appeals have been rendered moot. She informs us that, during the pendency of these appeals, the father, who had apparently struggled with drug addiction in the past, resumed the abuse of heroin and became homeless, which prompted her to file a new custody and visitation modification petition. In December 2014, Family Court (Burke, J.) granted the mother's petition and issued an order modifying the March 2013 order to, among other things, restrict the father to supervised visits with the child.[1] Inasmuch as the December 2014 order simply continued the March 2013 order's award of sole custody to the mother, did not modify the prior custody arrangement and included no language providing that it superceded all prior orders, we find that the portion of the prior order

---

[1] We take judicial notice of the December 2014 order of Family Court (Burke, J.) (see Matter of Mosier v Cole, 129 AD3d 1346, 1347 n 2 [2015]; Matter of Hannah U. [Patti U.], 110 AD3d 1258, 1260 n 5 [2013]). Further, although they are outside the record, we also find it appropriate, under these circumstances, to take judicial notice of the new facts and allegations associated with the December 2014 order, inasmuch as not doing so "would exalt the procedural rule – important though it is – to a point of absurdity, and reflect no credit on the judicial process" (Matter of Michael B., 80 NY2d 299, 318 [1992] [internal quotation marks and citation omitted]).

awarding sole custody to the mother remains appealable (cf. Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]; Matter of Siler v Wright, 64 AD3d 926, 927-928 [2009]).  Further, in view of our ultimate conclusion that the record evidence supports the award of sole custody to the mother, we see no reason to remit the matter for consideration of the new allegations (compare Matter of Michael B., 80 NY2d 299, 318 [1992]).

Turning to the merits, Supreme Court's finding of a sufficient change in circumstances is not in dispute.  Thus, the only issue is whether the award of sole custody to the mother is in the child's best interests.  A best interests analysis involves the examination of several factors, including "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[] and foster a relationship with the other parent" (Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014] [internal quotation marks and citations omitted]; see Matter of LaFountain v Gabay, 69 AD3d 994, 995 [2010]).  We will not disturb the trial court's determination in this regard, unless it lacks a sound and substantial basis in the record (see Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052 [2014]; Matter of Claflin v Giamporcaro, 75 AD3d 778, 780 [2010], lv denied 15 NY3d 710 [2010]).

In a detailed and well-reasoned decision, Supreme Court concluded that, while both parents love and care for the child, her best interests would be served by awarding sole custody to the mother because she was more attuned to the true issues facing the child, while the father seemed to believe that the child's only problems stemmed from the mother's parenting style.  The record makes clear that the child has a history of emotional and behavioral issues and has been diagnosed with, among other things, attention deficit hyperactivity disorder, intermittent explosive disorder and mild depression.  According to testimony given by mental health professionals who have treated the child, the mother is "incredibly supportive and cooperative," responsive to the child's needs, and has diligently tried to implement a number of recommended parenting techniques to correct some of the child's most difficult behavioral issues.  The father, on the other hand, has frequently disagreed with the advice of health

care professionals regarding the child, and his disruptive conduct during the child's appointments caused a pediatrician to discontinue treating her and resulted in the issuance of a court order barring him from attending her therapy sessions.

Although the attorney for the child advocated for an award of sole custody to the father, we agree with Supreme Court that the father's overly indulgent and permissive parenting style appeared to be designed to earn the child's favor and undermine the rules and expectations that the mother attempted to instill in the child.[2]  Further, an award of sole custody to the father would have required this fifth-grade student to transfer to her fourth elementary school, a move that — as the record discloses — would be detrimental to the child.  Accordingly, we decline to disturb Supreme Court's determination that the child's best interests are served by awarding sole custody to the mother, as it finds sound and substantial support in the record (see Matter of Cornick v Floreno, 130 AD3d 1170, 1172 [2015]; Matter of Shearer v Spisak, 90 AD3d 1346, 1348-1349 [2011]; Matter of Meier v Meier, 79 AD3d 1295, 1296 [2010]).

Garry, J.P., Lynch and Devine, JJ., concur.

---

[2]  While "a child's wishes, which must be expressed and advocated by his or her attorney in a suitable manner, are properly taken into account in determining the child's best interests, [they] are not dispositive" (Matter of Colona v Colona, 125 AD3d 1123, 1126 [2015] [internal citation omitted]).

-5-                        516691

ORDERED that the orders are affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court