██ In the Matter of Nathanael G., Appellant, v Cezniea I., Formerly Known as Cezniea G., Respondent. (And Other Related Proceedings.) [57 NYS3d 541]—

Clark, J. Appeal from an order of the Family Court of Warren County (Burke, J.), entered September 1, 2015, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a son (born in 2000) and a daughter (born in 2002). Pursuant to a November 2010 order, which was incorporated but not merged into the parties' January 2013 judgment of divorce, Family Court (Breen, J.) awarded the mother sole legal and primary physical custody of the children and provided a schedule of parenting time to the father, who lived in Virginia at that time. In April 2013, the father filed a modification petition seeking sole legal and primary physical custody of the children, and the parties thereafter filed a series of petitions, including several violation petitions and petitions to enforce the prior order of custody. In September 2015, following a fact-finding hearing and Lincoln hearings, Family Court (Burke, J.), among other things, granted the mother sole legal custody of both children and primary physical custody of the daughter and granted the father primary physical custody of the son. The father now appeals, arguing that he should have been granted sole legal and primary physical custody of both children, or, alternatively, sole legal custody of the son.

Initially, we have been advised by the attorneys for the children that, since entry of the September 2015 order, the son is no longer residing with the father, that another modification petition is currently pending in Family Court and that the mother has been temporarily awarded sole legal and primary physical custody of the son.[1] While the custody provisions in the September 2015 order have been modified in part by subsequent orders, these orders were entered on a temporary

---

1. The Court has obtained copies of the relevant temporary orders issued during the pendency of this appeal, and we take judicial notice thereof (see Matter of Blagg v Downey, 132 AD3d 1078, 1079 n 1 [2015]; Matter of Mosier v Cole, 129 AD3d 1346, 1347 n 2 [2015]).

basis and they do not expressly supersede the September 2015 order. Accordingly, under these circumstances, we cannot conclude that the temporary orders have rendered this appeal moot and we are, thus, constrained to reach the merits of the father's arguments (*see Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]; *compare Matter of Mosier v Cole*, 129 AD3d 1346, 1347 [2015]).[2]

The parties do not dispute that there has been a change in circumstances since the prior order of custody and, as such, the only issue before us is whether the children's best interests were served by Family Court's order granting the mother sole legal custody of both children and primary physical custody of the daughter and granting the father primary physical custody of the son (*see Matter of Walter TT. v Chemung County Dept. of Social Servs.*, 132 AD3d 1170, 1170-1171 [2015]; *Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015]). In determining which custody arrangement serves the best interests of the children, courts consider a variety of factors, including the home environment of each parent, the relative fitness of the parents, the parents' past performance and ability to provide for the children's overall well-being, how faithful each party has been to prior court orders, the children's wishes and the willingness of each parent to foster a positive relationship between the children and the other parent (*see Matter of Lilly NN. v Jerry OO.*, 134 AD3d 1312, 1313 [2015]; *Heather B. v Daniel B.*, 125 AD3d 1157, 1160 [2015]; *Matter of Seacord v Seacord*, 81 AD3d 1101, 1104 [2011]). "Although siblings should generally be kept together, this rule is not absolute and may be overcome where . . . 'the best interest[s] of each child lie[ ] with a different parent' " (*Matter of Jelenic v Jelenic*, 262 AD2d 676, 677 [1999], quoting *Matter of Copeland v Copeland*, 232 AD2d 822, 823 [1996], *lv denied* 89 NY2d 806 [1997]; *accord Barbara ZZ. v Daniel A.*, 64 AD3d 929, 933 [2009]).

Here, the record manifests the parties' complete inability to coparent the children. The father had a history of undermining the mother's status as the sole legal custodian of the children, disregarding prior court orders and failing to inform the mother of issues relating to the children. For example, the record evidence demonstrates that the father failed to inform the mother that the son—who suffered from mental health issues—had expressed a desire to discontinue mental health counseling,

---

2. We note that the son will turn 18 in less than a year and, at that time, will no longer be subject to Family Court's or this Court's jurisdiction (*see Matter of Roth v Messina*, 116 AD3d 1257, 1258 n 2 [2014]; *Matter of Knight v Knight*, 92 AD3d 1090, 1092 n 1 [2012]).

encouraged the son to tell his mental health provider that he wanted to stop treatment and took the son to counseling with a counselor affiliated with his church, without first discussing the matter with the mother. The record also establishes that the father made a unilateral decision relating to the daughter's medical care. In addition, as Family Court found, the father exhibited poor parental judgment in response to the son running away from the mother's home in May 2015, as he permitted the son to continue to live with him in violation of a court order. Considering all of the evidence presented, we find that a sound and substantial basis exists in the record to support Family Court's determination that it was in the children's best interests to award the mother sole legal custody (*see Matter of Virginia C. v Donald C.*, 114 AD3d 1032, 1035-1036 [2014]).

Furthermore, despite the general preference to keep siblings together (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]; *Matter of Luke v Luke*, 90 AD3d 1179, 1182 [2011]),[3] the unusual custodial arrangement fashioned by Family Court was well-reasoned and represented a realistic and practical approach to the situation presented at that time. Indeed, the son had run away from the mother's home and had expressed a steadfast desire to reside with the father. As Family Court recognized, the son was "a 15-year-old boy who appear[ed] to stand taller than both of his parents, and [could not] simply be put into a car against his will." As for the daughter, the record demonstrates that she continued to thrive in the mother's primary care and that her best interests would not be served by a change in primary physical custody. Under these circumstances, and according due deference to Family Court's assessment of the evidence presented at the fact-finding hearing, as well as at the *Lincoln* hearings (*see Matter of Richard Y. v Vanessa Z.*, 146 AD3d 1050, 1051 [2017]; *Matter of Patrick EE. v Brenda DD.*, 129 AD3d 1235, 1237-1238 [2015], *lv denied* 26 NY3d 908 [2015]), we find that a sound and substantial basis exists in the record to support Family Court's determination to split primary physical custody of the children between the mother and the father (*see Matter of Donahue v Buisch*, 265 AD2d 601, 604 [1999]; *compare Matter of Angela N. v Guy O.*, 144 AD3d 1343, 1346-1347 [2016]). Accordingly, we affirm Family Court's September 2015 order.

Peters, P.J., Garry, Lynch and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. The mother has remarried and the children's half sister also resides with the mother.