Matter of Daniel XX. v Heather WW. (2020 NY Slip Op 01214)





Matter of Daniel XX. v Heather WW.


2020 NY Slip Op 01214


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526823

[*1]In the Matter of Daniel XX., Appellant,
v
Heather WW., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Heather WW., Respondent,
v
Daniel XX., Appellant. (Proceeding No. 3.)

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.
Pamela B. Bleiwas, Ithaca, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 31, 2018, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Daniel XX. (hereinafter the father) and Heather WW. (hereinafter the mother) are the parents of a daughter (born in 2003). Pursuant to a 2012 order, the parties were awarded joint legal custody of the child with the mother having sole physical placement. The father was granted summer, holiday and alternating weekend visitation. With the exception of the child's seventh grade year, when she lived with the father and his wife, the child resided solely with the mother. In November 2017, after an incident occurred while returning the child to the mother after Thanksgiving, the father petitioned for a custody modification. The mother filed a cross petition for sole custody with specified visitation for the father. After a one-day hearing, Family Court, among other things, granted the mother sole legal custody and physical placement of the child, with the father having alternate weekend visitation along with shared holidays. The father appeals.
Inasmuch as the parties do not dispute that there has been a change in circumstances since the 2012 order, the only issue before us is whether the child's best interests were served by Family Court's order (see Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1227 [2017]; Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1170 [2015]). "Factors to be considered in a best interests analysis include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1342 [2018] [internal quotation marks and citations omitted]; see Matter of Mary D. v Ashley E., 158 AD3d 1022, 1024 [2018]). As relevant here, "[a]lthough the advanced age of the child tends to render greater weight to his or her reasoned wishes, the child's preference is but one factor in the best interests analysis" (Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004]; see Matter of Meier v Meier, 79 AD3d 1295, 1296 [2010]). "'[This Court] accord[s] great deference to Family Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record'" (Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241 [2016], quoting Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]).
Family Court's decision is supported by a sound and substantial basis in the record. At the hearing, Family Court heard testimony and received comprehensive medical records that demonstrated that the father suffers from severe mental health issues, including bipolar and posttraumatic stress disorders, for which he refuses counseling. Despite having a history of alcohol abuse and taking approximately seven medications, some of which are psychotropic medications, he continues to consume alcohol. The testimony also demonstrated that his visitation has been sporadic and he has not actively participated in his daughter's life. He did not know what grade the child was in school during the year that she resided with him and is not involved with her education. Testimony also demonstrated that he and his wife have acted contrary to the child's best interests, countermanding the mother's reasonable restrictions on cell phone use and social media, as well as withholding the daughter's Social Security disability payments from the mother.
Family Court also heard evidence about the parents' respective households, including the mother's frequent change in residences in the year prior to filing the petition. Notwithstanding these moves, the child has continued to attend the same school. The record also demonstrates the inability of the parties to communicate with one another, evidenced by the father sending a vague text message to the mother when he learned that the child was cutting herself, and the mother subsequently withholding information from the father that the child was in the hospital, which the mother admitted was "retribution" for the father not telling her sooner that the child was cutting herself. Considering the record as a whole, Family Court was "justifiably concerned about the status of the father's mental health, particularly in view of his failure to acknowledge or address his alcohol problem and the absence of any evidence indicating that he has achieved a sufficient level of stability" (Matter of LaRussa v Williams, 114 AD3d 1052, 1055 [2014]; compare Matter of Kowatch v Johnson, 68 AD3d 1493, 1496 [2009], lv denied 14 NY3d 704 [2010]). Moreover, the record amply demonstrates that a joint legal custody arrangement is not feasible or appropriate inasmuch as the mother and the father are unable to communicate with each other in a meaningful and effective manner (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1213-1214 [2017]; compare Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [2019]).
Finally, we find no merit to the father's contention that a Lincoln hearing should have been conducted. "Although a Lincoln hearing is often a preferred method of ascertaining a child's wishes, it is not mandatory, particularly where, as here, the attorney for the child communicates the child's wishes to the court" (Matter of Newman v Doolittle, 151 AD3d 1233, 1235 [2017] [citations omitted]; see generally Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]). In its decision, Family Court acknowledged that the child wanted to see the father more frequently. The court, however, also acknowledged that the father did not exercise the visitation afforded him under the 2012 order and that it was "not appropriate" to reward his lack of parenting with a change in custody. Based on the foregoing, and according deference to Family Court's factual findings and credibility assessments, there is a sound and substantial basis in the record to support Family Court's determination.
Lynch, J.P., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.