Matter of Jordan W. v Amanda X. (2024 NY Slip Op 00005)

Matter of Jordan W. v Amanda X.

2024 NY Slip Op 00005

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

533766
[*1]In the Matter of Jordan W., Appellant,
v
Amanda X., Respondent. (And Four Other Related Proceedings.)

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Michelle I. Rosien, Philmont, for appellant.
Timothy S. Brennan, Albany, for respondent.
Karen R. Crandall, Schenectady, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Fulton County (J. Gerard McAuliffe, J.), entered July 16, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2014). Pursuant to the parties' stipulation, an order was issued in 2016 which granted them joint legal custody and shared physical placement of the child. The arrangement was modestly modified in 2017 to direct, among other things, that the child primarily resided with the mother solely for purposes of school enrollment, but the terms of the 2016 order and its award of joint legal custody and shared physical placement were otherwise left in place. Thereafter, the parties filed five petitions seeking to enforce and/or modify the existing custodial arrangement, the relevant ones for our purposes being a modification petition filed by the father in October 2020 and two modification petitions filed by the mother in January 2021. Following a hearing, which included a Lincoln hearing, Family Court issued a decision and order in which it granted one of the mother's modification petitions and dismissed the four other petitions. Family Court specifically determined that circumstances had changed since the issuance of the 2017 order in that the parties' relationship had become so acrimonious that they could no longer work together for the good of the child and that the best interests of the child lie in granting sole legal and primary physical custody of the child to the mother, with the father to have specified parenting time. The father appeals from the July 2021 order entered thereon, arguing that the mother had not demonstrated a change in circumstances since the entry of the 2017 order and that, in any event, the best interests of the child lie in awarding him sole legal custody and primary physical placement.
During the pendency of this appeal, the parties filed a variety of petitions seeking to enforce and/or modify the July 2021 order. The attorney for the child has provided this Court with the result of those petitions, namely, an April 2023 order in which Family Court, in relevant part, modified the custodial arrangement to award sole legal and physical custody to the mother and a reduced, but gradually increasing, amount of parenting time to the father.[FN1] The April 2023 order was denominated as the "second superseding order of custody and visitation" and expressly provided that it "supersede[d] all prior orders of custody and visitation." Notwithstanding the father's arguments to the contrary, this appeal from the July 2021 order has been rendered moot by the April 2023 order and, because the exception to the mootness doctrine does not apply, it must be dismissed (see Matter of Christopher N. v Karoline O., 196 AD3d 774, 776 [3d Dept 2021]; Matter of Natasha S. v Ronald R., 168 AD3d [*2]1152, 1152 [3d Dept 2019]; Matter of Mosier v Cole, 129 AD3d 1346, 1347-1348 [3d Dept 2015]; compare Matter of Blagg v Downey, 132 AD3d 1078, 1079 [3d Dept 2015]).
Clark, Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Family Court explained, in a separate decision and order issued the same day as the April 2023 order, that it was reducing the father's parenting time because he had failed to avail himself of the parenting time to which he was entitled under the July 2021 order and that "[a] graduated schedule afford[ed] the father an opportunity to rebuild his relationship with" the child.