■ In the Matter of NANCY KEY MEIER, Appellant, v KARL V. MEIER, Respondent. [912 NYS2d 338]—

Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered April 29, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) divorced in 1999 and, in 2002, the mother was awarded legal and physical custody of their two daughters (born in 1993 and 1995). In 2005, legal and physical custody was transferred to the father after the mother relocated to Montana with the children without court approval or the father's permission (*Matter of Meier v Key-Meier*, 36 AD3d 1001, 1003-1004 [2007]). The mother eventually returned to New York and remained involved in her daughters' lives. In 2008, she commenced this proceeding seeking custody based upon the children's ages (then 15 and 13 years old) and their wish to live with her. Following a hearing and an in camera interview of both children, Family Court dismissed the petition. The mother appeals.

" 'An existing custody arrangement may be modified upon a showing that there has been a subsequent change of circumstances and modification is required to ensure the best interests of the children' " (*Matter of Valenti v Valenti*, 57 AD3d 1131, 1132-1133 [2008], *lv denied* 12 NY3d 703 [2009], quoting *Matter of Laware v Baldwin*, 42 AD3d 696, 696 [2007]; *see Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010]; *Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009]). A sufficient change of circumstances is set forth in this case by the combination of the mother returning to New York to live near the children, her acquiring a stable job, and the teenaged children's expressed wish to live with their mother (*see Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]).

The analysis thus turns to the children's best interests. A nonexhaustive list of some of the relevant factors include "the quality of the respective home environments, the child[ren]'s

wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child[ren]'s development" (*Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]; *see Matter of Valenti v Valenti*, 57 AD3d at 1133). "Family Court's findings and credibility determinations are entitled to deference and will be disturbed only if they lack a sound and substantial basis in the record" (*Matter of Claflin v Giamporcaro*, 75 AD3d 778, 780 [2010], *lv denied* 15 NY3d 710 [2010]; *see Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]).

Both individuals are loving parents and each brings different strengths and weaknesses to the children's lives. Family Court, however, was particularly concerned about the mother's willingness to continue to mislead the father and undermine his authority. For example, despite the fact that the father had legal and physical custody, the mother assisted one child in making an important medical decision without consulting or notifying the father, she permitted the older child to visit a boyfriend even though she knew the father had grounded the child from such a visit, and she purchased both children cell phones without input from the father. The father had provided a stable home and the children were doing well academically and socially. He regularly attended parent-teacher meetings at school whereas the mother had never attended such a meeting. He required the children to adhere to household rules. When the mother was asked about discipline, she responded that the children were wonderful and did not need discipline. While the teenaged children stated that they wanted to live with their mother and their wish is given considerable weight, it is not solely dispositive (*see Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]). Relevant in such regard is Family Court's finding that the mother often elevated the children's wants over their needs; too frequently acting as a pal rather than a parent. This is a difficult case in light of the age and stated preference of the children. Nevertheless, Family Court made key credibility determinations in favor of the father and there is a sound and substantial basis in the record supporting its determination. Accordingly, we affirm.

Peters, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.