■ In the Matter of ROSEMARY HAYWARD, Appellant, v DANIEL THURMOND, Respondent. (And Another Related Proceeding.) [925 NYS2d 209]—

Mercure, J.P. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 30, 2010, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1998) and a daughter (born in 1996). In August 2009, the parties stipulated to an award of custody of the children to the father, and at least 10 hours of visitation with the mother per month. In October 2009, the mother commenced the first of these proceedings for modification of the prior order entered on stipulation, seeking sole custody of the parties' daughter and joint custody of their son. Shortly thereafter, the father commenced the second of these proceedings seeking suspension of the mother's visitation with both children. After the father and daughter became

estranged when she made sexual abuse allegations against him that proved to be false, Family Court granted the mother custody of the daughter upon the father's consent. Following fact-finding and *Lincoln* hearings, Family Court issued a separate order directing that the father maintain custody of the son and limiting the mother's visitation to one unsupervised, four-hour visit with the son each month, unless the son requested additional visitation. The mother appeals from the order regarding the parties' son, and we now affirm.

We reject the mother's argument that Family Court erred in denying her petition for custody and limiting her visitation. "An existing custody arrangement may be modified upon a showing that there has been a subsequent change of circumstances and modification is required to ensure the best interests of the children" (*Matter of Valenti v Valenti*, 57 AD3d 1131, 1132-1133 [2008], *lv denied* 12 NY3d 703 [2009] [internal quotation marks and citations omitted]; *accord Matter of Meier v Meier*, 79 AD3d 1295, 1295 [2010]; *see Matter of Griffin v Griffin*, 18 AD3d 998, 999 [2005]). As pertinent here, "less weight is afforded [to] an existing arrangement which is based upon a stipulation, . . . and the preference for keeping siblings together may be overcome if the best interests of each child so warrant[ ]" (*Matter of Miosky v Miosky*, 33 AD3d 1163, 1166-1167 [2006]; *see Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1101 [2007]; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 677 [1999]). Factors relevant to a determination of best interests include "maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the children's overall well-being and the willingness of each to foster a positive relationship between the children and the other parent" (*Matter of Kilmartin v Kilmartin*, 44 AD3d at 1102; *see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Matter of Valenti v Valenti*, 57 AD3d at 1133).

Here, a sufficient change in circumstances was demonstrated by evidence of the father's estrangement with the parties' daughter, resulting in transfer of her custody to the mother and separation of the siblings, as well as the son's expressed wish to discontinue all visitation with the mother (*see Matter of Valenti v Valenti*, 57 AD3d at 1132; *see also Matter of Meier v Meier*, 79 AD3d at 1295). With respect to the son's best interests, the proof at the hearing established that the son is thriving in the father's care, excelling academically and socially, and participating in numerous extracurricular activities. In contrast to the stable environment in the father's home, the mother had an extensive child protective history in Florida, with findings of in-

adequate supervision requiring placement of both the son and daughter outside her home. While, as Family Court noted, the parties have a "toxic relationship," the record does not substantiate the mother's claim that the father has alienated the son from her or discouraged him from seeing her. In contrast, the mother's fitness was called into question by evidence that she had encouraged the parties' daughter to make false allegations of sexual abuse against the father, thereby creating tension between the siblings and angering the son.

According deference to Family Court's credibility assessments, the court's determination that custody of the son should remain with the father is supported by a sound and substantial basis in the record (see Matter of Meier v Meier, 79 AD3d at 1296; Matter of Spraker v Watts, 41 AD3d 953, 954-955 [2007]). Furthermore, given the court's broad discretion in determining an appropriate visitation schedule and the child's strong preference to limit visitation, we conclude that the court did not err in reducing the frequency of the mother's visitation to once per month, while allowing for increased visitation at the now 13-year-old son's request (see Tait v Tait, 44 AD3d 1142, 1142-1143 [2007]; Matter of Trombley v Trombley, 301 AD2d 890, 891-892 [2003]). Finally, we reject the mother's remaining argument as lacking in merit.

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.