■ In the Matter of ANTHONY MM., Respondent, v JACQUELYN NN., Appellant. (And Another Related Proceeding.) [937 NYS2d 360]—

Malone Jr., J.

"An existing custody arrangement may be modified upon a showing that there has been a substantial change in circumstances and modification is required to ensure the best interests of the child[ ]" (*Matter of Hayward v Thurmond*, 85 AD3d 1260, 1261 [2011] [citations omitted]; *see Matter of Dobies v Brefka*, 83 AD3d 1148, 1149 [2011]). Although Family Court did not specifically make a finding of change in circumstances, upon our review of the record, we find that the evidence of the deterioration of the parties' relationship constituted a sufficient change in circumstances such that the court's consideration of whether a change in custody was necessary to protect the child's best interests was warranted (*see Matter of Bond v MacLeod*, 83 AD3d 1304, 1305 [2011]; *Matter of Williams v Williams*, 66 AD3d 1149, 1150-1151 [2009]). To that end, the record contains substantial evidence to support the court's decision that an award of sole custody to the father is in the child's best interests.

The record establishes that, even after she agreed to withdraw her allegations, the mother continued to insinuate that the father was sexually abusing the child, despite the fact that no evidence of the alleged abuse was ever found by medical professionals who examined the child. The evidence also established that the mother was frequently hostile toward the father and his family, often made disparaging remarks about them in the child's presence and behaved inappropriately during the parties' visitation exchanges. A psychologist who evaluated the mother

testified that she had personality disorders that caused her to, among other things, display little regard for the negative consequences that her actions had on the father's relationship with the child and, if left untreated, her disorders could result in the child being alienated from the father. Although a social worker with whom the mother had sought counseling stated that she disagreed with the psychologist's assessment, Family Court specifically found the social worker's testimony to be of little value because the counseling did not address the personality disorders identified in the psychologist's report, as had been directed in the April 2008 consent order.

Although it is apparent that both parties are loving parents and capable of sufficiently providing for the child's physical needs, the father has demonstrated that he is currently better able to provide for the child's overall well-being and is more likely than the mother to encourage and nurture the child's relationship with the other parent, particularly considering the mother's repeated allegations and insinuations that the father sexually abused the child (*see Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011], *lv denied* 17 NY3d 713 [2011]; *Young v Young*, 212 AD2d 114, 122 [1995]). Such unfounded allegations, together with the persistent hostility that the mother demonstrates toward the father and his family, were appropriately viewed by Family Court as efforts aimed to interfere with the child's relationship with the father (*see Posporelis v Posporelis*, 41 AD3d 986, 991 [2007]; *Matter of Sloand v Sloand*, 30 AD3d 784, 786 [2006]). Considering the totality of the circumstances here, and according deference to Family Court's ability to assess the credibility of the witnesses and evaluate the conflicting testimony (*see Matter of Bush v Bush*, 74 AD3d 1448, 1450 [2010], *lv denied* 15 NY3d 711 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]), we find that the award of sole custody to the father is supported by substantial evidence. Finally, "although by no means determinative, this conclusion is in accord with the position advanced by the [attorney for the child]" (*Matter of Siler v Wright*, 64 AD3d at 929).

We have considered the mother's remaining contentions and find them to be unpersuasive.

Spain, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.