■ In the Matter of DAVID GRAHAM, Respondent, v CATHY MORROW, Appellant. (And Another Related Proceeding.) [976 NYS2d 582]—

Stein, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 9, 2012, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of one child (born in 2003). Pursuant to a March 2008 order, the parties shared joint legal custody of the child, with the mother having primary physical custody. The terms of the father's visitation were thereafter modified by a September 2010 consent order, which also set forth various provisions aimed at promoting cooperation between the parties regarding the child's extracurricular activities. In June 2011, the father commenced the first of these proceedings, seeking to modify visitation, primarily for the purpose of facilitating the child's participation in certain activities. The father commenced the second of these proceedings in August 2011, seeking physical custody of the child.* Following a trial and a *Lincoln* hearing, Family Court found that the father had demonstrated the requisite change in circumstances and awarded him physical custody, with liberal parenting time granted to the mother. The mother now appeals and we affirm.

The mother's sole contention on appeal is that Family Court erred in finding that the father met his burden of showing that there had been a change in circumstances sufficient to demonstrate a genuine need for modification of the custody order to ensure the continued best interests of the child (*see Matter of Deyo v Bagnato*, 107 AD3d 1317, 1318 [2013], *lv denied* 22 NY3d 851 [2013]; *Matter of Youngs v Olsen*, 106 AD3d 1161, 1163 [2013]; *Matter of Anthony MM. v Jacquelyn NN.*, 91 AD3d 1036, 1037 [2012]). The record here is replete with evidence that the mother engaged in a course of conduct—including her attempts to alienate the child from the father—that demonstrated a change in circumstances warranting modification and the grant of physical custody to the father. One troubling example of such conduct was the mother's repeated practice of making reports— all of which were deemed to be unfounded—to various authorities and treatment providers, claiming that the child had been sexually abused by the father's then 14-year-old son. In this regard, a State Police investigator conducted a controlled telephone call between the mother and the father in which the mother acknowledged that she had, in the past, threatened the father that she would do everything she could to ensure that he did not have a relationship with the child and admitted that this might have been her motivation for the accusation.

The mother also consistently violated prior court orders. Contrary to the father's rights of joint legal custody, the mother

---

* The mother also commenced two modification proceedings in July 2011 and September 2011, seeking to terminate and/or modify the father's visitation. Both of these proceedings were dismissed.

enrolled the child in counseling, then terminated counseling, and started the child on medication without consulting or informing the father. Additionally, despite a specific provision in the September 2010 order requiring the parties to ensure that the child participate in Girl Scout activities, the mother failed to bring the child to meetings and events and did not inform the father that she was not doing so. She also routinely picked the child up early from Girl Scouts and, on one occasion, pulled the child, crying, from a Thanksgiving celebration before the feast had begun.

Other actions reflected the mother's interference with the father-child relationship, including her making further reports against the father to Child Protective Services that were determined to be unfounded, her attempts to create problems for the father with his employer and her commencement of Family Court proceedings seeking to limit the father's visitation, which were ultimately dismissed as lacking in merit. According deference to Family Court's credibility assessments, we are satisfied that the record as a whole fully establishes the requisite change in circumstances and supports the award of physical custody to the father and we, therefore, decline to disturb it (*see Matter of Youngs v Olsen*, 106 AD3d at 1163; *Matter of Timothy N. v Gwendolyn N.*, 92 AD3d 1155, 1156-1157 [2012]; *Matter of Anthony MM. v Jacquelyn NN.*, 91 AD3d at 1037-1038).

Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.