*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    519785
_____

In the Matter of MATTHEW K.,
                    Respondent,

        v
                                              MEMORANDUM AND ORDER

BETH K.,
                    Appellant.

(And Two Other Related Proceedings.)
_____


Calendar Date:  June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

                    _____


        Hug Law PLLC, Troy (Matthew C. Hug of counsel), for
appellant.

        Jean M. Mahserjian, Clifton Park (Jennifer R. Morton of
counsel), for respondent.

        Nicole R. Rodgers, Saratoga Springs, attorney for the
child.

                    _____


Devine, J.

        Appeal from an order of the Family Court of Saratoga County
(Hall, J.), entered March 6, 2014, which, among other things,
granted petitioner's applications, in two proceedings pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son born in 2007.
After the parties' divorce was finalized in October 2012, they
shared joint legal and physical custody of the child pursuant to

the terms of their separation agreement, which was incorporated into the judgment of divorce. Several months later, the father filed two petitions seeking an award of sole legal and physical custody; the mother cross-petitioned for the same relief. Following a fact-finding hearing, Family Court awarded sole legal and physical custody to the father and specified visitation to the mother. The mother appeals.

We affirm. The mother argues that Family Court's custody determination should be reversed because it is not supported by a sound and substantial basis in the record. As a threshold matter, the parties do not dispute, and we agree, that modification of the initial custody arrangement was necessary because their relationship "ha[d] so deteriorated as to make cooperation for the good of the child[] impossible" (Heather B. v Daniel B., 125 AD3d 1157, 1159 [2015] [internal quotation marks and citations omitted]; see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]). We accordingly turn to the question of whether an award of sole legal and physical custody to the father was in the child's best interests.

A determination of what modification of an existing custody arrangement will best serve a child's interests involves consideration of, among other factors, "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[] and foster [the child's] relationship with the other parent" (Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014] [internal quotation marks and citations omitted]). Family Court found both parents to be relatively fit and, indeed, emphasized its regret that they could not "work together . . . to promote their son's health, stability and future." The evidence nevertheless supports a finding that the mother interfered with the father's relationship with the child by accusing him of sexually abusing the child, allegations that she has continued to believe despite their having been deemed unfounded or unverifiable by child protective services, law enforcement and the psychologist who conducted court-ordered mental health evaluations of the parents and the child (see Matter of Anthony MM. v Jacquelyn NN., 91 AD3d 1036, 1037-1038 [2012]). Further, the mother failed to nurture the child's emotional well-being in some respects (see e.g.

Heather B. v Daniel B., 125 AD3d at 1160; see also Matter of
Parchinsky v Parchinsky, 114 AD3d at 1041).  Notably, she impeded
the father's efforts to arrange for a long-term therapist for the
child, with the result that the child went without needed
counseling for a substantial period of time.

        We therefore find that there was sound and substantial
support in the record for Family Court's determination that an
award of sole legal and physical custody to the father was in the
child's best interests (see Matter of Greene v Robarge, 104 AD3d
1073, 1075-1077 [2013]).  To the extent that the mother contends
that Family Court failed to apportion sufficient weight to her
testimony and that of her witnesses, while ignoring evidence of
the father's parental shortcomings, we defer to Family Court's
superior vantage point from which to assess witness credibility
and compare the parents' relative fitness (see id. at 1076-1077).
Contrary to the mother's further claim that Family Court overly
relied on the conclusions of the psychologist who prepared the
court-ordered evaluations, the record shows that the court
disagreed with that expert's findings as to at least one crucial
issue.  In any event, Family Court appropriately treated the
expert's conclusions as "but one factor" in making its best
interests determination (Matter of Wolcott v Cook, 265 AD2d 748,
750 [1999]).

        Lahtinen, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court