# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   November 17, 2016          521795
_____

In the Matter of ANGELA N.,
                    Respondent,

      v                                   MEMORANDUM AND ORDER

GUY O.,
                    Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date:   October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

Hug Law PLLC, Albany (Matthew C. Hug of counsel), for appellant.

Alexandra G. Verrigni, Rexford, attorney for the children.

_____

Clark, J.

Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered October 2, 2015, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son and a daughter (born in 1999 and 2001, respectively).  By order entered on February 3, 2014, upon consent, the parties had joint legal custody of the daughter, the father had sole legal custody of the son and primary physical custody of the children and the mother had parenting time with the children every other weekend, one

month during the summer, certain school breaks and holidays, and such other parenting time as the parties could agree.  Shortly after entry of the custody order, in March 2014 and April 2014, the mother and the father filed cross petitions each alleging that the other had violated certain terms of the prior custody order.  During the proceedings on these petitions, Family Court granted the mother's motion for permission to retain a forensic evaluation at her own expense and ordered, among other things, that the children, both parties and their respective spouses be evaluated by a particular psychologist (see Family Ct Act § 251 [a]).

In December 2014, the mother filed a modification petition alleging that there had been a change in circumstances warranting modification of the prior order and seeking sole legal and primary physical custody of the children.  The father subsequently retained his own psychologist to conduct an independent forensic evaluation and to review the forensic evaluation reports produced by the psychologist retained by the mother.

Family Court conducted a Lincoln hearing, and, at the subsequent hearing on the petitions, the mother presented the testimony of the psychologist retained by the father and offered into evidence the competing forensic evaluation reports.  After the mother rested, the father moved for dismissal of the mother's petitions.  Family Court granted the motion to the extent of dismissing the mother's violation petition, but otherwise denied the motion.  The father called the mother as a witness and also offered certain documents into evidence, including the daughter's health records.  Following completion of the hearing, Family Court, in a bench decision, modified the prior order by awarding the mother sole legal and primary physical custody of the daughter, granting the father parenting time with the daughter every third weekend of the month and certain other times and altered the mother's parenting time with the son to the second weekend of every month and other specified periods.[1]  From the

_____

[1]  Family Court also dismissed the father's violation petition.

order entered thereon, the father appeals.[2]

The father argues that a sound and substantial basis did not exist in the record to award the mother sole legal and primary physical custody of the daughter. As an initial matter, the father does not challenge Family Court's determination, which was unaccompanied by specific findings, that there was a change in circumstances warranting a review of the issue of custody to ensure the continued best interests of the children. In any event, inasmuch as the evidence demonstrated that there was an ongoing process of alienation by all family members, as well as bad behavior that affected the children's relationships with each other and their parents and that the parents were unable to co-parent effectively, we agree that the requisite change in circumstances was shown (see Matter of Matthew K. v Beth K., 130 AD3d 1272, 1273 [2015]; Matter of Graham v Morrow, 111 AD3d 1178, 1179 [2013]; Matter of Hayward v Thurmond, 85 AD3d 1260, 1261-1262 [2011]). This threshold showing having been made, we thus turn to the question of whether it was in the daughter's best interests to award the mother sole legal and primary physical custody of her.

In determining what modification of an existing custody order, if any, would best promote a child's interests, courts consider, among other factors, the child's need for stability, the parents' respective home environments, the length of the existing custody arrangement, past parenting performances and each parent's relative fitness, willingness to foster a positive relationship with the other parent and ability to provide for the child's intellectual and emotional development (see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]; Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]; Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013]). In addition, although "not an absolute, the stability and companionship to be gained from keeping [siblings] together

---

[2] Upon the father's motion, a Justice of this Court stayed so much of the order as granted the mother sole legal and primary physical custody of the daughter and put in place temporary custody provisions pending determination of the appeal.

is an important factor . . . to consider" (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; see Matter of Ebert v Ebert, 38 NY2d 700, 704 [1976]; Obey v Degling, 37 NY2d 768, 771 [1975]; Matter of Valenti v Valenti, 57 AD3d 1131, 1135 [2008], lv denied 12 NY3d 703 [2009]).  Furthermore, where, as here, a change in custody also effectively results in a relocation of the child, courts consider whether relocation is in the child's best interests (see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1340 n 2 [2013], lv denied 22 NY3d 852 [2013]; Matter of Zwack v Kosier, 61 AD3d 1020, 1022-1023 [2009], lv denied 13 NY3d 702 [2009]).

Here, given the complete breakdown in the parties' relationship, we find that a sound and substantial basis exists in the record to support Family Court's determination that joint legal custody of the daughter was no longer workable (see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]; Matter of Festa v Dempsey, 110 AD3d 1162, 1163 [2013]).  However, Family Court's determination to award the mother sole legal and primary physical custody of the daughter, while continuing the father's sole legal and primary physical custody of the son, is not supported by a sound and substantial basis in the record. Preliminarily, the evidence did not demonstrate that it would be in the children's best interests to have separate primary residences.  Neither of the psychologists recommended separation of the siblings.  In fact, the psychologist retained by the father recommended against it, stating that awarding the mother primary physical custody of only the daughter could result in the son feeling "alienated and abandoned" by the mother and could cause the daughter to act out in "dangerous" ways after being uprooted from her routine and friends.  She, however, did opine that the children would benefit from having individualized and/or separate parenting time with the mother so that she could focus on repairing her relationship with each child.

In addition, the record reveals that, at the time of the fact-finding hearing, the daughter had been recently discharged from an outpatient treatment program for her increasing depression, presentation of psychotic symptoms and history of engaging in self-harm.  The program records demonstrated that the father and his spouse were actively involved and supportive of

the daughter throughout the program, while the mother had minimal involvement. Further, although Family Court found that either parent would "secure the appropriate ongoing treatment" for the daughter, the mother did not present any evidence, aside from her brief testimony that she had researched medical providers, to demonstrate that she had identified appropriate doctors to address the daughter's particular mental health issues or that the medical providers that she had researched, if appropriate, accepted the daughter's health insurance and were accepting new patients.

Moreover, Family Court's bench decision is completely devoid of any discussion of the impact it would have on the daughter to relocate from the father's residence in Saratoga County to the mother's residence in Orange County, some 100 miles away. The mother testified that the daughter had made friends in the neighborhood where she lived, but that she did not have any family in the immediate area. The mother also briefly stated that she had researched nearby schools. Noticeably absent, however, were any specific details regarding the schools that the daughter could attend or whether the child's life would be enhanced academically, emotionally or economically (see generally Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).

Considering the foregoing, giving particular weight to the daughter's heightened need for stability, the potential for damage caused by the relocation and our general preference for keeping siblings together[3] (see e.g. Matter of Hayward v Thurmond, 85 AD3d at 1261; Matter of Robinson v Davis, 58 AD3d 1041, 1042 [2009]), we find that it is in the daughter's best interests that the father have sole legal and primary physical

---

[3] The children have an older half brother and a younger half sister from the father's previous and current marriages. At the time of the petition, the half brother and half sister resided with the children in the father and stepmother's home. By all accounts, the daughter had, for the most part, positive relationships with her stepmother, half brother and half sister.

custody of her.[4]  In light of our determination, we make several adjustments to the mother's parenting time with each of the children.  The mother shall have parenting time with the daughter on the third weekend of every month from Friday at 6:00 p.m. until Sunday at 6:00 p.m.; during the five-day April break from school each year; from July 20 through August 4 of each year; on the Thanksgiving holiday in odd years, with the return of the child occurring on the Sunday following Thanksgiving at 6:00 p.m.; and on the Christmas holiday in even years, with the return of the child occurring on the Sunday following Christmas at 6:00 p.m.  In addition, the mother shall have parenting time with the son from August 5 through August 20 of each year.  To the extent not expressly altered herein, all other provisions of the October 2, 2015 Family Court order relating to the mother's parenting time with the son shall remain in full force and effect.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded sole legal and primary physical custody of the parties' daughter to petitioner; respondent is awarded sole legal and primary physical custody of the daughter and petitioner's parenting time is adjusted as set forth in this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[4]  While not determinative, we note that the attorney for the children does not support Family Court's determination to relocate the daughter and separate the children.