Matter of Joseph L. v Heather K. (2023 NY Slip Op 01117)

Matter of Joseph L. v Heather K.

2023 NY Slip Op 01117

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

533358
[*1]In the Matter of Joseph L., Respondent,
v
Heather K., Appellant. (And Two Other Related Proceedings.)

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Taylor & Miller, LLP, Syracuse (Gerald D. Raymond of counsel), for appellant.
Butler, Mucci & Grace LLP, Vestal (Matthew C. Butler of counsel), for respondent.
Bridget A. O'Connor, Port Crane, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Broome County (Rita M. Connerton, J.), entered November 24, 2020, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2009). Pursuant to an order entered on stipulation in November 2017, sole legal custody and primary physical placement of the child was awarded to the mother, and the father was granted certain parenting time and access to all medical, school and dental records of the child. Such order further directed that the child undergo a complete medical evaluation, with the results to be shared between the parties and the recommendations complied with by the parties.
In May 2019, the father filed a modification petition seeking primary physical custody of the child with parenting time granted to the mother, based on allegations that the mother's conduct has been causing the child to "endure constant and unnecessary doctor appointments" and to miss a significant amount of time from school due to such appointments or perceived illnesses. The mother answered, and separately filed a violation petition and a modification petition seeking to terminate the father's overnight parenting time, alleging, among other things, that the father has refused to acknowledge the child's medical conditions and that the child's constant absences from school are the result of the child's breakdowns, which manifest after parenting time with the father. Following a fact-finding hearing and a Lincoln hearing,[FN1] Family Court dismissed the mother's petitions, and granted the father's petition to the extent that it sought joint custody, with the mother retaining primary physical custody. The mother appeals.[FN2]
We affirm. Relevantly, "where a voluntary agreement of joint custody is entered into, it will not be set aside unless there has been a change in circumstances showing that a modification will be in the best interests of the child[ ]" (Jessica WW. v Misty WW., 192 AD3d 1364, 1366 [3d Dept 2021] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022]). "In making a best interests determination, Family Court must consider such factors as the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Brittni P. v Michael P., 210 AD3d 1338, 1339 [3d Dept 2022] [internal quotations marks, brackets and citations omitted]). "[T]he fact that there are some disagreements will not necessarily render joint custody improper where [*2]the parent[s'] relationship is not so acrimonious as to render the joint custody award unworkable" (Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citation omitted]). In considering the weight of conflicting testimony, we "defer to Family Court's superior vantage point from which to assess witness credibility and compare the parents' relative fitness" (Matter of Matthew K. v Beth K., 130 AD3d 1272, 1274 [3d Dept 2015]).
The father demonstrated a change in circumstances since the last order was entered by and through his supported contentions that the child had missed a significant amount of time from school due to medical testing or treatment services at the mother's behest. Evidence adduced at the fact-finding hearing revealed that, for the 2018 school year, the child left school early 23 times and missed 31 full days of school — one of the worst attendance records in the school district. The mother admitted that she "lost count" as to the number of days of school that the child had missed, but reasoned that she had to take the child out of school for various illnesses and services that the school was not providing. To this end, the mother testified that the child has an autism spectrum disorder, depressive disorder, sensory processing disorder, anxiety disorder, allergies, intermittent asthma, symptoms of Tourette's syndrome, possibly irritable bowel syndrome, a disease which affects the child's ability to process folic acid due to a gene mutation, frequent respiratory distress rendering the child prone to sinus infections, possibly thyroid disease and intolerances to certain foods, including wheat, gluten, dairy and certain dyes. The mother also indicated that the child suffered from Lyme disease approximately three years prior to the hearing, and she attributes some of the child's present ailments to that infection and the antibiotics used to treat it. Despite these alleged conditions, the mother testified that the child is not prescribed any medication by a physician.
Although Family Court heard testimony from several medical providers, therapists and a piano teacher,[FN3] the vast majority of the diagnoses offered by the mother were not substantiated through either competent testimony or medical records at the hearings. The exception to this is related to the child's diagnosis of an autism spectrum disorder, in which a child psychiatrist testified that he diagnosed the child — after three visits and taking a history from only the mother — with a "very high-functioning" form of autism spectrum disorder. Similarly, a review psychologist at the State Office of Temporary Disability Assistance testified that, after discussing the child with the mother and thereafter observing the child without the mother on three occasions, he diagnosed the child with a "very, very mild form" of an autism spectrum disorder.
The father testified that he disagrees with the child's autism spectrum diagnosis and [*3]that he is concerned about the child's school attendance because of the mother's conduct. During his testimony, the father specifically discounted many of the mother's claims related to the child's health, highlighting several contradictions in the record created by the mother. In addressing the child's autism spectrum disorder, the father explained that he did not see the symptoms that the mother was reporting to physicians but, if he did, he would report them. However, he testified that he has not been contacted by any provider for his observations and that he would only learn about appointments or purported diagnoses after the fact. In this regard, the father believed that the mother would report certain symptoms to providers and, if a provider disagreed with her, the mother would leave that practice and go "doctor shopping" to find a new provider who would agree with her opinions. The father is concerned that he is not given any consideration relating to the child's health, a position which is echoed by the appellate attorney for the child.
Based upon this testimony and the evidence offered during the fact-finding hearing, as well as the testimony provided at the Lincoln hearing and the observations made thereat, Family Court concluded that it was in the best interests of the child for the father to have joint legal custody, specifically as it relates to the child's health care. Deferring to Family Court's factual findings and credibility assessments, we conclude that there is a sound and substantial basis in the record to support this determination (see Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 761 [3d Dept 2021]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Proceedings were disrupted due to the pandemic caused by the coronavirus known as COVID-19, resulting in the need for several virtual hearings. Notwithstanding, the Lincoln hearing was held in person and not virtually, therefore allowing Family Court to make several personal observations related to the child's demeanor.
Footnote 2: Inasmuch as the mother's appellate brief did not challenge the denial of her petitions, we deem such issues to be abandoned (see Matter of Stephen K. v Sara J., 170 AD3d 1466, 1467 n [3d Dept 2019]).

Footnote 3: Although the child's treating therapist began to testify, she did not finish her direct examination and she was not cross-examined due to personal obligations that arose between hearing dates. We reject the mother's contention that Family Court erred in striking this testimony, as her objection is unpreserved and otherwise without merit (see Matter of Leala T., 55 AD3d 997, 998 [3d Dept 2008]; see also Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 825 [2d Dept 2020], lvs denied 36 NY3d 311 [2021]).