Matter of Patricia Y. v Justin X. (2023 NY Slip Op 04621)

Matter of Patricia Y. v Justin X.

2023 NY Slip Op 04621

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

535871
[*1]In the Matter of Patricia Y., Appellant,
v
Justin X., Respondent. (Proceeding No. 1.)
In the Matter of Justin X., Respondent,
v
Patricia Y., Appellant. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Fisher and McShan, JJ.

Monique B. McBride, Albany, for appellant.
Sandra M. Colatosti, Albany, for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered July 15, 2022, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Patricia Y. (hereinafter the mother) and Justin X. (hereinafter the father) are the unmarried parents of a child (born in 2011). Pursuant to a February 2016 custody order entered on consent, the parties shared joint legal custody of the child, with the mother having physical custody during the school week and the father having physical custody for extended weekends. In May 2020, the mother filed a modification petition (proceeding No. 1) seeking sole legal and primary physical custody of the child with an end to the father's visitation, alleging that the father was threatening her and sexually abusing the child. Soon thereafter, the father filed a violation petition alleging that the mother had violated the terms of the prior order by failing to produce the child for his parenting time. In February 2021, the father filed a modification petition (proceeding No. 2) seeking sole custody of the child, alleging that the mother had willfully interfered with his parental rights causing a deterioration of his parenting relationship with their child.
Following a fact-finding hearing and a Lincoln hearing, Family Court granted the father's violation petition, finding that the mother willfully violated a court order by withholding the child from the father for his scheduled parenting time, thereby prejudicing his custodial rights. As to the modification petitions, the court found that a change in circumstances was occasioned by the mother's conduct and the effect on the child's health as well as the father's parenting time and relationship with the child. As to the child's best interests, the court found that the mother had exhibited a pattern of making choices that caused chaos, had numerous prior child protective indications against her and had willfully interfered with the father's relationship with the child by making multiple false allegations of abuse against the father. Family Court also found that the mother had failed to adequately address her own mental health issues to the detriment of the child's emotional and behavioral health, and that the mother is wholly unable to foster a positive relationship between the father and the child. The court noted that the father had a close bond with the child prior to the mother withholding visitation and determined that the father is better positioned to provide for the child's needs into the future. Accordingly, Family Court dismissed the mother's petition and granted the father's modification petition, awarding him sole legal custody and primary physical custody with specified parenting time to the mother. The mother appeals.[FN1]
We affirm. As an initial matter, the mother does not dispute the existence of a change in circumstances since the 2016 [*2]custody order entered on consent (see Matter of Shokralla v Banks, 130 AD3d 1263, 1264 [3d Dept 2015]; Matter of Melody M. v Robert M., 103 AD3d 932, 933 [3d Dept 2013], lv denied 21 NY3d 859 [2013]), and our review of the record confirms Family Court's determination in that respect. Specifically, the mother's alienation of the father from the child had resulted in a precipitous deterioration in the parties' parenting relationship sufficient enough to establish a change in circumstances justifying a best interests analysis (see Matter of Williams v Rolf, 144 AD3d 1409, 1411 [3d Dept 2016]; see also Matter of Harvey P. v Contrena Q., 212 AD3d 1023, 1024 [3d Dept 2023]; Matter of Gerard P. v Paula P., 186 AD3d 934, 940 [3d Dept 2020]; compare Matter of Jessica AA. v Thomas BB., 151 AD3d 1231, 1232 [3d Dept 2017]). Accordingly, our inquiry turns to whether Family Court's custody determination is in the best interests of the child (see Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022]; Matter of Christie BB. v Isaiah CC., 194 AD3d 1130, 1131 [3d Dept 2021]).[FN2]
"In determining the best interests of the child, courts must consider, among other factors, the quality of the parents' respective home environments, each parent's past performance and ability to provide for the child's physical, mental, emotional and intellectual needs and the willingness of each parent to foster a positive relationship between the child and the other parent" (Matter of Richard EE. v Mandy FF., 189 AD3d 1992, 1993 [3d Dept 2020] [citations omitted]; see Matter of Sandra R. v Matthew R., 189 AD3d 1995, 1997 [3d Dept 2020], lv dismissed & denied 36 NY3d 1077 [2021]). "While a best interests assessment must be based on the totality of the circumstances after considering [the relevant] factors, evidence that the custodial parent intentionally interfered with the noncustodial parent's relationship with the child[ ] is so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent" (Matter of Greene v Robarge, 104 AD3d 1073, 1075 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see Heather B. v Daniel B., 125 AD3d 1157, 1160 [3d Dept 2015]). As Family Court is in a superior position to observe witness demeanor, we will not disturb its factual findings and resolution of witness credibility if supported by a sound and substantial basis in the record (see Matter of Clayton J. v Kay-Lyne K., 185 AD3d 1243, 1244 [3d Dept 2020]; Matter of Sherrod U. v Sheryl V., 181 AD3d 1069, 1070 [3d Dept 2020]).
We reject the mother's contention that Family Court erred in determining that joint custody was no longer feasible. The record is replete with evidence that the mother has willfully interfered with the father's custody and parenting time rights by making numerous allegations of sexual abuse and other family offenses against the father that, after investigation[*3], were consistently determined to be unfounded (see Matter of Paul LL. v Tanya LL., 149 AD3d 1173, 1174 [3d Dept 2017]; Matter of Matthew K. v Beth K., 130 AD3d 1272, 1273 [3d Dept 2015]). Under these circumstances, an award of sole custody was appropriate (see Matter of Joshua XX. v Stefania YY., 218 AD3d 893, 896 [3d Dept 2023]; Matter of Brett J. v Julie K., 209 AD3d at 1143-1144).
As to the determination of the proper parent to assume that responsibility, we find that a sound and substantial basis in the record supports Family Court's decision to grant sole legal custody to the father. The mother prevented any visitation between the father and the child since April 2020, which demonstrates her unwillingness to foster a positive relationship between the child and the father (see Matter of John M. v Tashina N., 218 AD3d 935, 937 [3d Dept 2023]; Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 745 [3d Dept 2020]; Matter of Graham v Morrow, 111 AD3d 1178, 1179 [3d Dept 2013]). To the extent that the mother contends that the father's abuse was established and, consequently, that her conduct was defensible, our review of the record fails to provide any justification for disturbing Family Court's determination to the contrary (see Matter of Anthony JJ. v Joanna KK., 182 AD3d at 745; Matter of Matthew K. v Beth K., 130 AD3d at 1273; Matter of Graham v Morrow, 111 AD3d at 1179). Rather, we agree with Family Court's determination that the mother appears to have caused the child's internalization of the mother's animosity toward the father, including the narrative of abuse. Further, the mother's motivation for interfering with the father's relationship with the child in an apparent attempt to protect the child is belied by her own conduct, as the credible evidence established that she acted with little urgency in responding to the child's 2019 purported disclosure as evidenced by her lengthy delay in commencing the instant proceedings.
Further, we agree with Family Court's determination that the mother lacked any awareness of the severity of her own mental health issues and the effect on her ability to effectively parent the child, as she had allowed her mental health treatment to lapse and had apparently only resumed mental health counseling at the behest of her caseworker during the pendency of these proceedings. That instability and the corresponding effect on her ability to effectively care for the child and his special needs was evident from the proof that the mother struggled to manage the child's behavioral issues and routinely relied upon assistance from a mobile crisis unit in response to the child acting out (see Matter of John M. v Tashina N., 218 AD3d at 937; Matter of Leo v Leo, 39 AD3d 899, 901 [3d Dept 2007]; Matter of Caccavale v Brown, 271 AD2d 717, 718-719 [3d Dept 2000]).
We are cognizant of the testimony reflecting the father's unfamiliarity with several important aspects of the child's care, which was largely due to the mother [*4]bearing the primary caregiving responsibilities for most of the child's life. Nonetheless, the record establishes that the father could confidently rely on the paternal grandmother for assistance in assuming the responsibilities as the child's primary caregiver. Further, although the mother had a history of indications for inadequate guardianship concerning another of the mother's children, the father had no prior indications against him (see Matter of VanDee v Bean, 66 AD3d 1253, 1255 [3d Dept 2009]; Matter of Morse v Brown, 298 AD2d 656, 657 [3d Dept 2002]), which supports the conclusion that the father is able to provide a more stable environment for the child. Considering the foregoing in totality while paying the appropriate deference to Family Court's resolutions on the credibility of witnesses, we find that the record contains a sound and substantial basis supporting the court's determination that it was in the child's best interest to award sole legal and primary physical custody to the father, and we decline to disturb its decision (see Matter of Joshua XX. v Stefania YY., 218 AD3d at 899; Matter of Anthony JJ. v Joanna KK., 182 AD3d at 745; Hassan v Barakat, 171 AD3d 1371, 1375 [3d Dept 2019]; Matter of Turner v Turner, 260 AD2d 953, 954 [3d Dept 1999]; compare Webster v Webster, 283 AD2d 732, 734 [3d Dept 2001]).[FN3]
Garry, P.J., Egan Jr. and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: As the mother does not raise any contentions pertaining to Family Court's determination on the father's violation petition, we deem any claim as to that aspect of the order to be abandoned (see Matter of Lagano v Soule, 86 AD3d 665, 666 n 4 [3d Dept 2011]).
Footnote 2: At the conclusion of the hearing, the attorney for the child advocated for maintaining the prior custody arrangement with the further directive that the mother cooperate with a preventative services caseworker from the Department of Social Services for an indefinite period. However, on this appeal, the attorney for the child concedes that such arrangement was untenable as a long-term solution and now takes the position that Family Court's determination granting sole custody to the father was appropriate. Further, the attorney for the child advised us in her brief that, following Family Court's order in these proceedings, the Schenectady County Department of Social Services initiated Family Ct Act article 10 proceedings against each parent and the transfer of custody as ordered by Family Court was temporarily stayed. However, the attorney for the child has since notified us that those proceedings have been dismissed and that custody has been transferred to the father in accordance with the order on appeal.

Footnote 3: As the mother does not raise any contentions pertaining to her visitation with the child, we need not address that aspect of Family Court's order.