Matter of Khloe KK. (Tiffany JJ.)

2026 NY Slip Op 02010

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Khloe KK., Alleged to be a Permanently Neglected Child. Ulster County Department of Social Services, Respondent; Tiffany JJ., Appellant. (And Three Other Related Proceedings.)

Decided and Entered:April 2, 2026

CV-24-1450 CV-24-1451 CV-24-1452 CV-24-1453

Calendar Date: February 19, 2026

Before: Garry, P.J., Clark, Pritzker, Mcshan And Corcoran, JJ.

Lindsay H. Kaplan, Kingston, for appellant.

Ulster County Department of Social Services, Kingston (Rebecca L. Balzac of counsel), for respondent.

Claudia S. Davenport, Kingston, attorney for the child.

Betty J. Potenza, Milton, attorney for the children.

Ivy M. Schildkraut, Rock Hill, for Donovan L., interested party.

[*1]

Pritzker, J.

Appeals from four orders of the Family Court of Ulster County (Sarah Rakov, J.), entered August 2, 2024, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of, as relevant here, the four subject children (born in 2010, 2012, 2015 and 2018). In June 2019, the children were removed from the mother's care and placed in petitioner's care and custody. In November 2019, the mother consented to a finding of neglect and an order of fact-finding and disposition was entered, requiring her to complete mental health counseling and parenting classes, among other things. In November 2021, petitioner filed permanent neglect petitions against the mother. Following a fact-finding hearing, Family Court adjudicated the children to be permanently neglected. After a dispositional hearing in March 2024, Family Court terminated the mother's parental rights to the four subject children. The mother appeals from the order of disposition.

The mother contends that Family Court erred by not granting her a final opportunity in the form of a suspended judgment, rather than terminating her parental rights.FN1 "Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child[ren] and there is no presumption that any particular disposition, including the return of [the children] to a parent, promotes such interests. A suspended judgment is appropriate where a parent has demonstrated that, given a finite period of time, he or she is capable of becoming a fit parent with whom the child[ren] can be safely reunited, and that a delay in permanency would not be contrary to the best interests of the child[ren]" (Matter of Edrick PP. [Alexis QQ.], 221 AD3d 1307, 1308-1309 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Gabriel J. [Christina I.], 232 AD3d 1093, 1097 [3d Dept 2024], lv denied 43 NY3d 901 [2025]). This Court "accord[s] great weight to the factual findings and credibility determinations of Family Court, and its findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Ryan J. [Taylor J.], 222 AD3d 1207, 1209 [3d Dept 2023], lv denied 41 NY3d 909 [2024]; accord Matter of Daimeon MM. [Laurie MM.], 230 AD3d 1416, 1419-1420 [3d Dept 2024], lv denied 42 NY3d 910 [2025]).

Testimony at the dispositional hearing demonstrates that a delay in permanency (i.e., a suspended judgment) is not in the children's best interests. The two youngest children have spent the majority of their lives in foster care and are strongly bonded with their foster parents (see Matter of Gabriel J. [Christina I.], 232 AD3d at 1097; Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1068 [3d Dept 2014]). Despite biweekly parenting time, these children do not recognize the mother as their mother. Moreover[*2], the mother's parenting time has yet to progress to completely unsupervised, due to her noncompliance with the November 2019 dispositional order. Additionally, the older children have also spent a significant amount of time in foster care and, as of the dispositional hearing, had parenting time suspended with the mother at their own requests, and with the support of their therapists. Both older children have significant behavioral and/or mental health challenges and are receiving the specialized care they need in their respective placements (see Matter of Ahnna N. [Rosa N.], 240 AD3d 964, 967 [3d Dept 2025]; Matter of Gabriel J. [Christina I.], 232 AD3d at 1097). Further, while testimony at the dispositional hearing demonstrated that the mother had made some positive strides, she still was not in an acceptable mental health treatment program and was in violation of several other conditions of the 2019 dispositional order. While the attorney for the oldest child's opinion that Family Court should have granted a suspended judgment for that child is entitled to considerable weight, the mother has not demonstrated that, if given a finite period of time, she can address the issues that led to the removal of that child or plan for the child's future (see Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1128 [3d Dept 2015]).FN2 Thus, "[g]iving the appropriate deference to Family Court's factual findings and credibility determinations, we agree that the mother failed to make any meaningful progress in overcoming the barriers preventing reunification and that a suspended judgment is not in the child[ren's] best interests" (Matter of Gabriel J. [Christina I.], 232 AD3d at 1097-1098). Accordingly, Family Court's determination that termination of the mother's parental rights was in the best interests of the children is supported by a sound and substantial basis in the record (see id.; Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1163 [3d Dept 2014], lv denied 24 NY3d 918 [2015]).

Garry, P.J., Clark, McShan and Corcoran, JJ., concur.

ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The mother does not raise any arguments relative to the underlying permanent neglect finding and, thus, has abandoned any such claims (see generally Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587 n1 [3d Dept 2023]; Matter of Michael U. v Barbara U., 189 AD3d 1909, 1909 n 1 [3d Dept 2020]).

Footnote 2: The attorney for the three other children asserts that there was a sound and substantial basis for Family Court's termination of parental rights and that a suspended judgment would not be in the best interests of these three children.