In the Matter of DANIEL O'NEIL, Respondent-Appellant, v CHEN YAN XU O'NEIL, Appellant-Respondent. [17 NYS3d 187]—

Appeal and cross appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered April 4, 2014. The order, insofar as appealed and cross-appealed from, after a hearing, granted that branch of the father's petition which was for physical custody of the subject child and awarded the mother limited unsupervised visitation with the child, with certain geographical restrictions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2011, the father of the subject child filed a custody petition, alleging that the mother, a citizen of China, intended to abscond with the child to China using fraudulent travel documents. Based on those allegations, the Family Court issued an order awarding the father temporary custody. Shortly thereafter, the court awarded the mother temporary supervised visitation. After a hearing held over the course of two years, the court entered the order appealed from. The court awarded the parties joint legal custody of the child, awarded the father physical custody of the child, and granted the mother limited unsupervised visitation with the child, with certain geographical restrictions imposed upon her visitation. The mother appeals from those portions of the order which awarded the father physical custody of the child, and limited her visitation with

the child by, inter alia, not permitting overnight visits and imposing certain geographical restrictions. The mother also contends that certain testimony was improperly admitted into evidence. The father cross-appeals from so much of the order as awarded the mother unsupervised visitation with the child and did not impose more restrictive geographical limitations on the mother's visitation.

Initially, considering the totality of the circumstances, the Family Court's determination that it is in the best interests of the child for the father to have physical custody of her is supported by a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The evidence presented at the hearing showed that the father's home environment was more suitable for the child, both in terms of stability and quality. Furthermore, the evidence demonstrated that the father had a superior ability to provide for the child financially, and was more likely than the mother to foster a relationship between the child and the noncustodial parent.

The Family Court also providently determined that the mother's visitation with the child should be unsupervised. "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]). The Family Court, which heard and saw the witnesses, determined that there was no basis for the father's claims that the mother planned to abscond with the child to China, and no other ground for requiring visitation to be supervised was proffered. Moreover, the father's mother, who supervised much of the mother's visitation, testified that the mother and the subject child are attached and love one another, and that their interactions are warm. Under these circumstances, it was not established that unsupervised visitation would be detrimental to the child (*see Matter of Dolan v Masterton*, 121 AD3d 979, 981 [2014]).

We decline to disturb the Family Court's decision to set certain reasonable and appropriate limitations on the mother's visitation with the child, including certain geographical restrictions (*see Matter of Sterling v Silva*, 124 AD3d 669 [2015]). The mother's contentions relating to the admission of certain testimony at trial are without merit (*see Sackler v Sackler*, 15 NY2d 40 [1964]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.