Matter of Smith v Locke (2015 NY Slip Op 09696)





Matter of Smith v Locke


2015 NY Slip Op 09696


Decided on December 30, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2014-08635
 (Docket No. V-17966-13)

[*1]In the Matter of Robert Smith, respondent, 
v
Daniel Locke, appellant.


Gina M. Scelta, Huntington, NY, for appellant.
Robert C. Mitchell, Central Islip, NY (Melissa A. Turner of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 28, 2014. The order, insofar as appealed from, awarded the parties joint legal custody of the subject child, with physical custody and final decision-making authority to the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father commenced this proceeding pursuant to Family Court Act article 6 seeking sole custody of the subject child. By order dated August 28, 2014, the Family Court awarded the parties joint legal custody of the child, with physical custody and final decision-making authority to the father. The mother appeals from the order.
Contrary to the mother's contention, a sound and substantial basis exists in the record to support the Family Court's determination that it was in the child's best interests to award the parties joint legal custody of the child, with physical custody and final decision-making authority to the father (see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95; Gorelik v Gorelik, 303 AD2d 553, 554), particularly as the father is the parent who is more likely to assure meaningful contact between the child and the noncustodial parent (see Matter of Dobbins v Vartabedian, 304 AD2d 665, 666).
LEVENTHAL, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court