Lynch, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered March 11, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of one child (born in 2013). The parties were living together for approximately two years but separated when the mother was eight months pregnant with the child. After the child was born, the father visited with the child occasionally, but never without supervi *1210 sion. In January 2015, the mother filed a petition for custody; the father responded with his own petition for joint legal custody and visitation and an order to show cause seeking parenting time during the pendency of the proceedings. Family Court granted the father’s request and ordered that he temporarily be allowed two hours of parenting time each weekend, supervised by the mother. After a fact-finding hearing, Family Court awarded sole legal and physical custody of the child to the mother and granted the father unsupervised parenting time during alternate weekends, holidays and school vacations. The mother now appeals arguing that the father’s parenting time should be supervised.
“When making an initial custody determination, the court must focus on the best interests of the child, which involves consideration of factors including the parents’ past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child’s overall well-being” (Matter of Driscoll v Oursler, 146 AD3d 1179, 1181 [2017] [internal quotation marks and citations omitted]). “Given Family Court’s superior ability to observe and assess the witnesses’ testimony and demeanor firsthand, its factual findings and credibility determinations — if supported by sound and substantial evidence — will not be disturbed” (Matter of Lilly NN. v Jerry OO., 134 AD3d 1312, 1313 [2015] [internal quotation marks and citations omitted]).
The primary issue presented at the hearing and now on this appeal is whether the father’s history of substance abuse should preclude him from having unsupervised parenting time with the child. Generally, “[supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child” (Matter of O’Neil v O’Neil, 132 AD3d 680, 681 [2015] [internal quotation marks and citation omitted]). Whether parenting time should be supervised or unsupervised “is a matter left to Family Court’s sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it” (Matter of Isaac Q., 53 AD3d 731, 731 [2008] [internal quotation marks and citations omitted]). Here, the father acknowledged at the fact-finding hearing that he had used drugs since he was 15 years old and that, in 2012, he relapsed after successfully completing treatment and remaining sober for approximately five years. The mother testified that, prior to filing the petition for custody, she believed that the father appeared to be under the influence of drugs during supervised parenting *1211 time with the child, that he had suffered a serious car accident that she attributed to his being under the influence of drugs and that he had overdosed twice. The mother also testified that she was concerned that the father was abusing suboxone.
The father testified that he was living with his fiancée and their one-year-old son in a two-bedroom apartment, that he cared for their baby during the day while the fiancée worked full time and that he was participating in a parenting program. He also presented testimony by Helen Burdick, the director of the facility where he sought substance abuse treatment beginning in April 2014 and continuing until he was successfully discharged in August 2015. Burdick testified that the father “did very well” during his treatment, and the father submitted his treatment records to confirm this. Burdick also testified that the father submitted to drug tests three to four times each week and never tested positive for using any drugs. The mother testified that the father once claimed that he could cheat on these tests, but Burdick explained how this would be difficult given the way that the tests were administered. According to Burdick, the father had completed all the requirements for his treatment, and no further treatment was necessary. For his part, the father candidly admitted that while he would occasionally have a craving for drugs, he learned to seek help from family and his fiancée and had developed alternative coping mechanisms to maintain his sobriety.
In our view, Family Court’s determination that the child’s best interests would be served by allowing the father unsupervised parenting time finds sound and substantial support in the record. We are mindful that “[t]he best interests of the child [ ] generally lie with a healthy, meaningful relationship with both parents” (Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197 [2016]). Here, the mother’s concerns are understandable given the father’s history. The father testified that he was committed to his sobriety to develop a relationship with the child, and we defer to the court’s credibility assessments in this regard, particularly in light of the uncontroverted evidence with regard to his successful treatment.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.