Matter of Sherrod U. v Sheryl V. (2020 NY Slip Op 01678)





Matter of Sherrod U. v Sheryl V.


2020 NY Slip Op 01678


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

527307

[*1]In the Matter of Sherrod U., Respondent,
v
Sheryl ., Appellant. (Proceeding No. 1.)

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Monique B. McBride, Albany, for appellant.
Bixby, Crable & Stiglmeier, PLLC, Albany (Paige E. Crable of counsel), for respondent.
Peter J. Scagnelli, Albany, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered May 14, 2018, which, among other things, partially dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of custody.
Sherrod U. (hereinafter the father) and Sheryl V. (hereinafter the mother) are the unmarried parents of a son (born in 2007). Pursuant to a 2016 order entered upon consent, the parties had "modified joint legal custody of the child" with the father having primary physical custody and "final decision-making authority, which shall be exercised after [a] reasonable, good faith consultation and discussion with the [m]other." The 2016 order also stated that "[t]he father shall not unreasonably exercise his decision-making authority." In addition, during the school year, the mother had parenting time on alternate weekends and on Tuesdays and Thursdays from 4:00 p.m. to 8:00 p.m. The 2016 order also directed that the mother attend counseling for six months.
In 2017, the parties filed, among other things, competing modification petitions — both of which sought sole legal custody of the child. Following a hearing, Family Court, in 2018, found that a change in circumstances existed but nonetheless determined that a substantial modification of the 2016 order was not warranted. As such, the court continued the provision awarding the parties "modified joint legal custody," with the father keeping final decision-making authority and primary physical custody of the child. The court also increased the mother's parenting time and permitted the mother to travel to Ohio with the child during her parenting time provided that she gave the father one week's notice. Finally, the court directed that the mother attend counseling for six months unless she was discharged earlier. The mother appeals.
The record reflects, and the parties do not dispute, that a change in circumstances existed since the entry of the 2016 order and, therefore, our inquiry focuses on whether Family Court's determination served the best interests of the child (see Matter of Joseph H. v Elizabeth I., 159 AD3d 1067, 1068 [2018]). "A best interests analysis involves the examination of several factors, including the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child and foster a relationship with the other parent" (Matter of Barrows v Sherwood, 138 AD3 1195, 1196 [2016] [internal quotation marks, brackets and citations omitted]; Matter of Lorimer v Lorimer, 167 AD3d 1263, 1264 [2018], appeal dismissed and lv denied 33 NY3d 1040 [2019]). We defer to the court's factual findings and resolution of witness credibility, and its determination will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Ian G. v Crystal F., 174 AD3d 985, 987 [2019], lv denied 34 NY3d 903 [2019]; Matter of Cooper v Williams, 161 AD3d 1235, 1236-1237 [2018]; Matter of Gentile v Warner, 140 AD3d 1481, 1482 [2016]).
The record reveals, as Family Court found, that both parents have stable housing, they foster the child's growth and development with religion and extracurricular activities and they are fit to care for the child. The court, however, was troubled by the fact that the mother took the child to Ohio without giving the father prior notice and in violation of a prior court order. The evidence demonstrated that the mother was in Ohio with the child for two weeks, that she did not have an apartment in New York when she left and that she enrolled the child in school in Ohio. The father had to travel to Ohio to retrieve the child, which involved the assistance of law enforcement officials. Although the mother provided an explanation for these actions, the court did not credit her testimony and, instead, found that the mother's actions evinced an intent to relocate with the child.
The record also discloses that the mother, at times, had trouble controlling the child's behavior, was late either in getting the child ready to be given to the father when her parenting time was over or in bringing the child to school, and violated school rules concerning communication with the child. The child's teacher testified that the child would be upset or would shut down during class after being with the mother in the morning. Meanwhile, notwithstanding the father's faults, the father testified that the child does not have any behavior issues when they are together. One of the child's teachers stated that the father is more active in the child's schooling. Furthermore, the record reveals that the father is more apt to foster a relationship between the child and the mother.
In view of the foregoing evidence, we cannot say that Family Court's determination is not supported by a sound and substantial basis in the record (see Matter of Kenda UU. v Nicholas VV., 173 AD3d 1295, 1298 [2019]; Matter of Smith v Locke, 134 AD3d 1130, 1130 [2015]). The court did not grant the mother equal parenting time as she requested, but it nonetheless gave her more time as compared to the prior order and eased some restrictions regarding her travel to Ohio with the child. Furthermore, although the mother has grievances with the directive in the 2018 order that gave the father final decision-making authority, the parties, prior to these proceedings, shared legal custody of the child with such directive in place. Moreover, the record fails to disclose that the father abused his final decision-making authority or acted in contravention to the child's best interests. Lastly, the mother's argument regarding that part of the 2018 order that ordered her to attend counseling is without merit (see Posporelis v Posporelis, 41 AD3d 986, 991-992 [2007]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.