Matter of Richard EE. v Mandy FF. (2020 NY Slip Op 08134)





Matter of Richard EE. v Mandy FF.


2020 NY Slip Op 08134


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

528596

[*1]In the Matter of Richard EE., Petitioner,
v
Mandy FF., Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Renee J. Albaugh, Accord, for appellant.
Jehed Diamond, Delhi, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered February 15, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2012). Pursuant to an August 2016 order, the mother had sole legal and primary physical custody of the child, while the father had parenting time as could be agreed upon between the parents. In June 2018, following the mother's arrest on various criminal charges, the father commenced this Family Ct Act article 6 proceeding, seeking to modify the August 2016 order by awarding him sole legal and primary physical custody of the child. Family Court issued a temporary order granting the father sole legal and primary physical custody of the child pending further order of the court and subsequently ordered a Family Ct Act § 1034 investigation. Following a fact-finding hearing and a Lincoln hearing, Family Court found that there had been a change in circumstances since entry of the August 2016 order and concluded that the child's best interests would be served by granting the father sole legal and primary physical custody of the child and a schedule of parenting time to the mother. The mother appeals, and we affirm.
The record reflects, and the parties do not dispute, that the mother's arrest and subsequent convictions, together with allegations of neglect against the mother by the Delaware County Department of Social Services (hereinafter DSS), constituted the requisite change in circumstances so as to warrant an inquiry into whether the best interests of the child would be served by a modification of the August 2016 order (see Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]; Matter of Brockel v Martin, 153 AD3d 1654, 1655 [2017]). We therefore focus our inquiry on whether Family Court's modification of custody was in the child's best interests (see Matter of Clayton J. v Kay-Lyne K., 185 AD3d 1243, 1244 [2020]; Matter of Sherrod U. v Sheryl V., 181 AD3d 1069, 1069 [2020]). In determining the best interests of the child, courts must consider, among other factors, the quality of the parents' respective home environments, each parent's past performance and ability to provide for the child's physical, mental, emotional and intellectual needs and the willingness of each parent to foster a positive relationship between the child and the other parent (see Matter of Clayton J. v Kay-Lyne K., 185 AD3d at 1244; Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1171 [2019]). We defer to Family Court's credibility determinations and factual findings and, if supported by a sound and substantial basis in the record, we will not disturb the court's determination (see Matter of Sherrod U. v Sheryl V., 181 AD3d at 1070; Matter of Lynk v Ehrenreich, 158 AD3d 1004, 1005 [2018], lv denied 31 NY3d 909 [2018]).
The [*2]evidence establishes that the mother was arrested in June 2018 for assaulting another individual with a weapon and that she was ultimately convicted of assault in the third degree and criminal mischief in the fourth degree and sentenced to a term of probation. The record also reflects that, prior to the mother's arrest, DSS received and investigated a report alleging that the mother regularly left the child and her half siblings with inappropriate caretakers and that the report was ultimately substantiated. A caseworker involved in the investigation testified that the mother admitted to leaving the child and her half siblings with a neighbor who she suspected of trafficking women and drugs out of his home and that she refused to provide the last name of any other individual she used as a babysitter.[FN1] The evidence, including the mother's own testimony, further established that the mother frequently allowed the child to stay home from school and that the mother had not taken any action to address the child's behavioral issues and potential attention deficits.
As for the father, the evidence revealed that he lives in Ohio with his fiancÉe, her son and her father and that, upon learning of the mother's arrest, he immediately traveled to New York to pick up the child. The father testified that the child has lived with him since the mother's arrest and that the child is enrolled in school in Ohio, having missed only a few days here and there. The father also stated that he has stable employment and is able to provide for the child's needs, and the fiancÉe cares for the child when she is not in school. The father and the fiancÉe each testified that the child exhibited behavioral issues when she first came to live with them and that they worked with the child's school to address those issues and to enroll the child in counseling. The father testified to a willingness to foster a positive relationship between the mother and the child, stating that he would encourage the child to call the mother. Deferring to Family Court's credibility determinations, we find that the record evidence amply supports its determination that the father has a "more stable" home environment than the mother and "is better equipped to provide for the overall well[-]being of the child." Upon consideration of all the evidence, we are satisfied that Family Court's decision to award the father sole legal and primary physical custody of the child is supported by a sound and substantial basis (see Matter of Adam OO. v Jessica QQ., 176 AD3d 1418, 1420 [2019]; Matter of Bedard v Baker, 40 AD3d 1164, 1166 [2007]).
As a final matter, the mother takes issue with Family Court's directive that she "be responsible for the transportation of the child at the start of [her] parenting time." Contrary to the mother's contention, fulfillment of such responsibility does not require the mother to violate the terms of her probation. To the extent that we have not expressly addressed any of [*3]the mother's remaining contentions, they have been reviewed and found to be lacking in merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The caseworker testified that DSS would have commenced a neglect proceeding against the mother if the child had not come into the care of the father.