Matter of Satema C. v Stephen D. (2023 NY Slip Op 06012)

Matter of Satema C. v Stephen D.

2023 NY Slip Op 06012

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

534665
[*1]In the Matter of Satema C., Respondent,
v
Stephen D., Appellant. (And Another Related Proceeding.)

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Christine E. Nicolella, Delanson, for appellant.
Alexandra J. Buckley, Clifton Park, for respondent.
Ellen Bennett Becker, Albany, attorney for the child.

Ceresia, J.
Appeals from two orders of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered December 10, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2007). An April 2020 order of custody granted the parties joint legal custody of the child, with the father having primary physical custody and the mother having parenting time as the parties could mutually agree. After entry of the April 2020 order, the mother moved into a domestic violence shelter and did not see the child for six months. In November 2020, the mother left the shelter for a new apartment, and arranged with the father to have the child for a weekend visit. At the end of that weekend, the father did not return for the child, and the child resided with the mother from that point forward.
In January 2021, the mother filed a modification petition seeking sole custody, predicated upon the father's failure to retrieve the child two months prior. In June 2021, the father filed a petition for enforcement of the April 2020 order, alleging that the mother had interfered with the custodial arrangement by failing to inform him of where she lived and failing to answer his phone calls. After a fact-finding hearing in November 2021, followed by a Lincoln hearing, Family Court granted the mother's modification petition, concluding that the mother had demonstrated a change in circumstances and that the child's best interests warranted an award of joint legal custody with primary physical custody to the mother. The court also denied the father's enforcement petition on the ground that the mother had not violated the prior custody order. The father appeals.
Turning first to the mother's modification petition, "the party seeking modification must initially demonstrate a change in circumstances since the entry of such custody order so as to warrant an analysis of whether modification would serve the best interests of the child" (Matter of Thomas BB. v Jessica YY., 219 AD3d 1578, 1579 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Matter of John M. v Tashina N., 218 AD3d 935, 936-937 [3d Dept 2023]). "As Family Court is in a superior position to observe witness demeanor, we will not disturb its factual findings and resolution of witness credibility if supported by a sound and substantial basis in the record" (Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1588 [3d Dept 2023] [citations omitted]; see Matter of Tara DD. v Seth CC., 214 AD3d 1031, 1033 [3d Dept 2023]).
Family Court found, from the mother's testimony, that the child had been residing with the mother for a full year, had changed schools and had settled into a new living routine. Notwithstanding the fact that the father saw the child on a number of occasions over the [*2]course of that year when the child would apparently ride his bicycle to the father's home, the court determined that the father made no efforts during the first seven months to again have the child reside with him and instead effectively relinquished his right to primary physical custody. Although the father testified otherwise, claiming that he did not know where the mother lived [FN1] and could not reach her on the phone, the court found the father not to be credible, noting that there were several options available to the father to reunite him with the child, none of which he exercised. Instead, the court accepted the mother's testimony that, although the parties' communication was workable before the entry of the original custody order, it had broken down since then and she had tried many times to contact the father without success. Deferring to these credibility findings, we are satisfied that the mother demonstrated the requisite change in circumstances (see Matter of Kelly CC. v Zaron BB., 191 AD3d 1101 [3d Dept 2021]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881-882 [3d Dept 2017]; compare Matter of David ZZ. v Amanda YY., 214 AD3d 1057, 1057 [3d Dept 2023]; Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 844 [3d Dept 2022]).
As for whether Family Court's award of physical custody to the mother was in the child's best interests, this "requires consideration of, among other factors, the quality of the home environments of each parent, the need for stability in the child's life, the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other parent, as well as each parent's past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Mary N. v Scott M., 218 AD3d 890, 893 [3d Dept 2023]). The hearing testimony reflected that each parent has a working car and driver's license, is gainfully employed and maintains a home where the child has his own bedroom. The mother testified that she works from 7:00 a.m. to 3:00 p.m. on weekdays and is home with the child after school, prepares his meals and helps him with his homework. According to the mother, she has extreme difficulty communicating with the father, as he often does not answer her phone calls or texts. The father, for his part, admitted that his communication with the mother had been infrequent since the child left his care in November 2020. Although the father testified that he wished to foster a positive relationship with the mother, he also made vague and unsupported allegations that the mother has a drinking problem and, according to the mother, he had previously made false hotline calls to Child Protective Services in order to harass her. Additionally, the father admitted that he was unaware that [*3]the child had changed schools since he had begun living with the mother. Viewing the record as a whole and paying deference to the court's credibility determinations, there is a sound and substantial basis in the record for the court's conclusion that it was in the child's best interests to grant joint legal custody with primary physical custody to the mother (see Matter of John M. v Tashina N., 218 AD3d at 937-938; Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).[FN2]
Turning to the father's enforcement petition, it was the father's burden "to establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the [mother] had actual knowledge of the order's terms, and that [the mother's] willful actions impaired [the father's] rights under the prior order" (Matter of Angelica CC. v Ronald DD., 214 AD3d 1091, 1092 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 39 NY3d 915 [2023]). Our review of the record confirms, as Family Court determined, that the father failed to demonstrate that his custodial rights were willfully impeded by the mother (see Seale v Seale, 154 AD3d 1190, 1192 [3d Dept 2017]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The father's contention that Family Court improperly granted the mother's request for address confidentiality (see Family Ct Act § 154-b [2] [a]) is raised for the first time on appeal and is therefore unpreserved for our review.

Footnote 2: While not binding upon this Court, we note that the attorney for the child, who has represented the child both in Family Court and on appeal, is supportive of the mother's petition.