Matter of Fisher v Summers (2025 NY Slip Op 07304)

Matter of Fisher v Summers

2025 NY Slip Op 07304

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
SUSAN QUIRK, JJ.

2024-11745
 (Docket Nos. V-918-16/24C, V-919-16/24C)

[*1]In the Matter of David J. Fisher, Sr., appellant,
v
Jennifer A. Summers, respondent.

Steven N. Feinman, White Plains, NY, for appellant.
David M. Rosoff, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Putnam County (Anthony R. Molé, J.), entered October 7, 2024. The order, after a hearing, denied the father's petition to modify an order of the same court dated December 22, 2016, so as to award him primary physical custody of the child.
ORDERED that the order entered October 7, 2024, is affirmed, without costs or disbursements.
The parties were married in 2008 and divorced in 2016. They are the parents of a child born in 2014. Pursuant to a mediation agreement dated December 19, 2016, the parties agreed to share joint legal custody of the child and that the mother would have primary physical custody of the child. In an order dated December 22, 2016, the mediation agreement was entered as an order of the Family Court (hereinafter the custody order).
On February 28, 2024, the father commenced this proceeding to modify the custody order so as to award him primary physical custody of the child. In an order entered October 7, 2024, after a hearing, the Family Court determined that the father made the requisite evidentiary showing of a change in circumstances. However, after engaging in a best interest analysis, the court denied the father's request to modify the custody order so as to award him primary physical custody of the child. The father appeals.
"In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Miller v Norton, 237 AD3d 711, 713 [internal quotation marks omitted]; see Matter of Saliba v Melvin, 227 AD3d 913, 914). "[T]he paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]; see Matter of Mahoney v Hughes, 227 AD3d 908, 909). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody [*2]to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]; see Matter of Pierce v Caputo, 214 AD3d 877, 878). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Nathaniel v Mauvais, 234 AD3d 766, 768 [internal quotation marks omitted]; see Matter of Morales v Diaz, 233 AD3d 1033, 1036). Notably, "the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Eschbach v Eschbach, 56 NY2d 167, 174; see Matter of Moses v Williams, 138 AD3d 861, 861).
Pursuant to Domestic Relations Law § 240(1)(a), "in any action or proceeding concerning custody or parental access where domestic violence is alleged, the court must consider the effect of such domestic violence upon the best interests of the child . . . when the allegations of domestic violence are proven by a preponderance of the evidence" (Matter of Scott v Thompson, 166 AD3d 627, 628 [citations omitted]; see Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394).
"Since custody determinations depend to a great extent upon the trial court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings" (Cicale v Cicale, 231 AD3d 705, 706 [internal quotation marks omitted]; see Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). Accordingly, "the custody and parental access determinations of the trial court will not be disturbed unless they lack a sound and substantial basis in the record" (Cicale v Cicale, 231 AD3d at 706 [internal quotation marks omitted]; see Matter of Frankiv v Kalitka, 105 AD3d at 1046).
Here, there is no dispute that the father demonstrated the requisite change in circumstances by adducing evidence of the mother's DWI arrests (see Matter of Richard EE. v Mandy FF., 189 AD3d 1992, 1993; Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1009).
The Family Court's determination that the father failed to demonstrate that a change in custody was in the child's best interests was supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the father failed to demonstrate by a preponderance of the evidence that incidents of domestic violence took place in the mother's home (see Matter of Rolon v Medina, 56 AD3d 676, 677). Further, the evidence adduced at the hearing demonstrated, among other things, that the mother had been the child's primary caregiver since 2016 (see Matter of Recher v Velez, 143 AD3d 828, 829), provided a better quality of home environment for the child (see e.g. Matter of Satema C. v Stephen D., 221 AD3d 1304, 1306; Matter of Mathena XX. v Brandon YY., 189 AD3d 1733, 1736; Matter of Reyes v Gill, 119 AD3d 804, 805), and was better suited to promote stability in the child's life (see Matter of Acevedo v Cassidy, 236 AD3d 645, 647; Matter of O'Neil v O'Neil, 132 AD3d 680, 681).
Accordingly, the Family Court properly denied the father's petition to modify the custody order so as to award him primary physical custody of the child.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court