Matter of Maslava v Oppedisano

2026 NY Slip Op 03310

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sviatlana. Maslava, respondent,

v

Richard T. Oppedisano, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2025-03567, (Docket Nos. V-2823-20, V-2824-20, O-3261-24)

Mark C. Dillon, J.P.

William G. Ford

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Portale Randazzo, Sleepy Hollow, NY (John R. Lewis of counsel), for appellant.

Arza Rayches Feldman, Manhasset, NY, for respondent.

Paul I. Weinberger, Poughkeepsie, NY, attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated February 28, 2025. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify an order of custody of the same court dated June 30, 2023, entered upon consent, to the extent of awarding the mother primary residential custody of the children, and directed that the father shall have no other parties present at his home during his parenting time with the children, with the exception of the children's half-brother.

ORDERED that the order dated February 28, 2025, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the father shall have no other parties present at his home during his parenting time with the children, with the exception of the children's half-brother; as so modified, the order dated February 28, 2025, is affirmed insofar as appealed from, without costs or disbursements.

The parties have two children together. In an order dated June 30, 2023 (hereinafter the 2023 order), entered upon the parties' consent, the Family Court, inter alia, awarded the parties joint legal and residential custody of the children. In August 2024, the mother commenced a family offense proceeding against the father (hereinafter the family offense petition) and filed a petition to modify the 2023 order so as to award her sole legal and residential custody of the children (hereinafter the modification petition). After a hearing, in an order dated February 28, 2025, the court dismissed the family offense petition, but granted the modification petition to the extent of awarding the mother primary residential custody of the children. The order also directed that the father shall have no other parties present at his home during his parenting time with the children, with the exception of the children's half-brother. The father appeals.

"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166; see Matter of El-Sayegh v Saadini, 245 AD3d 939, 940). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]; see Matter of Samuels v Pallano, 237 AD3d 833, 833-834). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial [*2]parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]; see Matter of Martinez v Gaddy, 223 AD3d at 817). "Stability and continuity in a child's life are [also] important factors" (Matter of Olivieri v Olivieri, 170 AD3d 849, 850; see Matter of Brathwaite v Lightsey, 242 AD3d 883, 884). "Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678; see Matter of Soto v Katz, 238 AD3d 1161, 1162).

Here, the Family Court properly determined that a change in circumstances existed to warrant modification of the 2023 order concerning residential custody (see Matter of Meyers v Sheehan, 62 AD3d 802, 803; Matter of Battista v Fasano, 41 AD3d 712, 713). Moreover, there is a sound and substantial basis in the record for the court's determination to award the mother primary residential custody of the children. Accepting the court's credibility determinations, the evidence adduced at the hearing demonstrated, inter alia, that the father's lack of judgment and unstable home environment were detrimental to the welfare of the children, whereas the mother was better suited to promote stability in the children's lives (see Matter of Dapp v Shtaynberger, 240 AD3d 891, 892; Matter of O'Neil v O'Neil, 132 AD3d 680, 681).

However, we agree with the father that the Family Court should not have prohibited him from having other parties present at his home during his parenting time with the children, as there was no evidence to suggest that this restriction was in the best interest of the children, particularly since the court separately directed that the father not permit his ex-wife to have any contact with the children (see Matter of Hess v Pedersen, 211 AD2d 1000, 1001).

DILLON, J.P., FORD, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court